## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| VICTOR PARRIS MITCHELL p/ka )<br>Victor Romeo )<br>  )<br>    Plaintiff,  )<br>  )<br>V.   )<br>  )<br>CARL COX, PAUL OAKENFOLD, )<br>PERFECTO RECORDS,  )<br>BMG, CONCORD PUB.  )<br>MARTIN LASCELL,   )<br>JOEL THOMAS ZIMMERMAN  )<br> P/K/A DEADMAU5, MAU5TRAP )<br>RECORDS, MARK BROWN,  )<br>CR2 RECORDS LTD,  )<br>RECORDS, FULL COLOUR  )<br> RECORDS, REVEALED  )<br>MUSIC B.V.,  )<br>BIG INSTRUMENTAL PUB.  )<br>MASSIMO BAUDO  )<br>JOB SMELTZER P/K/A LA FUNTE )<br>ROBERT VAN DE CORUPT P/K/A )<br>HARDWELL,VIRGIN  )<br>UNIVERSAL MUSIC  )<br>GROUP  )<br>  <br>    Defendants. | Case No. 1:24-cv-00496<br><br>Honorable Franklin U. Valderama<br><br>Magistrate M. David Weisman |

## **FIRST AMENDED COMPLAINT**

Plaintiff, Victor Parris Mitchell, p/k/a/ Victor Romeo ("Plaintiff"), by and through his attorney Sean Mulroney complains against Defendants Carl Cox, Paul Oakenfold, Perfecto Records, BMG Limited UK, Career - BMG, Joel Thomas Zimmerman, a/k/a Deadmau5, Mau5Trap Records, CR2 Records, Massimo Baudo, Martin Lascell, Revealed Music B.V., Mark

Brown, Big Instrumental Publishing, Robert de Corupt p/k/a Hardwell, Job Smeltzer p/k/a La Fuente, Virgin Records, Full Colour Records, Universal Music Group, (each a "Defendant" and collectively, "Defendants") states as follows:

## I. NATURE OF THIS ACTION

1. This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, Title 17, United States Code §§ 101 et seq. (the "Copyright Act"), and pendant claims pursuant to the laws of the State of Illinois

## II. JURISDICTION AND VENUE

2. The Court has original subject-matter jurisdiction over the Copyright Act claims pursuant to 28 U.S.C. § 1331. To the extent this Complaint contains claims for relief under Illinois law, those claims are specifically authorized to be brought in this Court under the provisions of 28 U.S.C. §§ 1338(a) and 1338(b).

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. This Court has further personal jurisdiction over Defendants because they, and each of them, conduct business continuously and systematically in Illinois for the purpose of engaging in, inter alia, the manufacture and distribution of sound recordings and the licensing of musical compositions created and/or owned by Plaintiff, as well as related activities within the State of Illinois and this District.

4. Defendants are subject to personal jurisdiction because they placed their infringing products into the stream of commerce with the expectation that such products would be delivered to and viewed by consumers within the State of Illinois and within this District, and Defendants' infringing products were delivered to and viewed by consumers within the State of Illinois and within this District.

5. Venue is proper in this Judicial District because a substantial part of the events or omissions giving rise to the claims occurred here. Venue is also proper in this Judicial District pursuant to 28 U.S.C. § 1400(a).

### III. INTRODUCTION

6. Plaintiff created "Love Will Find a Way" (the "Infringed Work"), in April of 1988 in Chicago Illinois. It was released on Dance Mania Records in November 1988 and distributed by Barney's Wholesale vinyl records, CD, Cassette Distribution, located in Chicago Illinois. House Music, more than any other form of black music, has birthed many offshoots and spread its sounds far and wide. The prevalence of four on the floor beats in modern dance music is largely derived from House Music. House Music has influenced, in some capacity, Garage House, Eurodance, Jungle Music, Electropop, Dubstep, Acid House, EDM and even certain elements of Alternative.

7. Barney's Wholesale Distribution sold vinyl, cd's and cassettes domestically retail, and internationally, wholesaling vinyl records, exporting to distributors throughout Europe. Plaintiff owns the copyright for the composition and the sound recording. Plaintiff obtained federal copyright registrations for each in 2021. (Ex. A.)

### IV. PARTIES

### VICTOR P. MITCHELL P/KA VICTOR ROMEO

8. Plaintiff Victor Mitchell p/k/a Victor Romeo, is a resident of the State of Illinois.

### SHPIDOPA MUSIC

9. Plaintiff is an ASCAP affiliated publishing company, owned by Victor P. Mitchell

## CARL COX

10. Defendant Carl Cox. ("Cox"), is a person having a principal place of business in the City of Hove, Sussex England.

## MARTIN LASCELL

11. Defendant Martin Lascell is person having a principal place of business in London Uk

## PAUL OAKENFOLD

12. Defendant Paul Oakenfold. ("Oakenfold"), is a person having a principal place of business in the City of Bastrop, Texas.

## PERFECTO RECORDS

13. Defendant Perfecto Records. ("Perfecto Records"), is a business having a principal place of business at 3rd Floor 23/33 Gosfield Street, London, England..Plaintiff is informed and therefore believes and alleges that at all relevant times, Perfecto conducted business through its principal owner and officer Defendant Paul Oakenfold.

## BMG   BERTLESMENN MUSIC GROUP

14. BMG is a record label, music rights company, operating internationally marketing music

## CONCORD PUBLISHING

15. Concord Publishing is a music publishing company headquartered in Nashville with additional offices in Berlin, London, Los Angeles, Melbourne, Miami, and New York. Concord's repertoire is licensed in virtually every country and territory worldwide.

## JOEL THOMAS ZIMMERMAN

## P/K/A DEADMAU5

## MAU5TRAP RECORDS

16. Defendant Joel Thomas Zimmerman ("Zimmerman"), is a person having a principal place of business in the City of Campbellsville, Ontario Canada.

## MAU5TRAP RECORDS

17. Defendant Mau5Trap Records, is a record label having its principal place of business at 1600 Ventura Blvd., Encino California.

## MARK BROWN

18. Defendant Mark Brown is a person having his place of business in London, England.

## CR2 RECORDS LTD

19. On information and belief, at all relevant times, CR2 Records conducted its business through its principal owner and officer, Defendant Mark Brown. Defendant CR2 Records Ltd. ("CR2 Records") is a business having a principal place of business at 2 Jardine House, The Bavarian Business Village, Bessborough Road Harrow, Middlesex, HA1 3EX.

## VIRGIN RECORDS

20. Virgin Records is a British Record Label owned by Universal; Music Group, that markets and promotes music throughout the world and Illinois

## UNIVERSAL MUSIC GROUP

21. The Universal Music Group is the biggest distributor of music, throughout the world.

## FULL COLOUR RECORDS

22. Record label owned and founded by Job Smeltzer P/K/A La Fuente

### REVEALED MUSIC B.V.

23. Revealed Records is located in The Netherlands is an independent record label founded in 2006 by Tom Ross

### JOB SMELTZER P/K/A LA FUENTE

24. DJ mixer is a Dutch citizen residing in The Netherlands

### ROBERT VAN DE CORUPT P/K/A HARDWELL

25. Dutch DJ and music producer, owns Revealed Record label

### MASSIMO BAUDO BIG INSTRUMENTAL PUB.

26. Dutch citizen residing in The Netherlands owns Big Instrumental Publishing

### VI    DEFENDANTS UNLAWFUL CONDUCT

### CARL COX

27. Carl Cox willfully and knowingly sampled "Love Will Find A Way" and created the works "I Want You (Forever)", licensing said works to Perfecto Records and Paul Oakenfold in 1991 and CR2 Records in 2008, without authorization from Plaintiff who owns the copyright to said Sound Recording. Perfecto (1991- 2008) and CR2 Records (2008 - present) released numerous versions. Carl Cox, Paul Oakenfold of Perfecto Records created and licensed multiple remixes and versions to BMG record label, distributed by Universal Music Group. To this date Carl Cox continued to knowingly profit and benefit from plaintiff's copyrighted Sound Recording, without clearing the Sound Recording or PA.

28.    **CONCORD PUBLISHING**

Concord Publishing has collected on behalf of Carl Cox works titled "I Want You (Forever) worldwide. Concord Publishing along with BMG claims on said works are an

infringement on Plaintiff's copyright work titled "Love Will Find A Way". Concord Publishing's client Carl Cox has been put on notice via email since 2011 regarding the infringement. To this date Concord continues to register as the publisher along with Defendant Carl Cox as writer of his works "I Want You (Forever)" through societies worldwide.

## MARTIN LASCELL

29. In 1991 Martin Lascell with Carl Cox willfully and knowingly extracted elements from plaintiff's Sound Recording "Love Will Find A Way' and affixed it as the main dominant hook to their works and titled it "I Want You (Forever)". Defendant Matin Lascell registered a copyright and is collecting publishing from the Plaintiff's unauthorized sampled elements administered by and through Career Music - BMG.

## JOEL ZIMMERMAN P/K/A DEADMAU5
## MAU5TRAP RECORDS

30. In 2008 Zimmerman did a remix of Carl Cox's "I Want You (Forever)" which contained Plaintiff's sound recording "Love Will Find A Way", remixing and releasing the remix of " I Want You (Forever)" renaming it Deadmaus remix on CR2 Records.

31. Defendant Zimmerman created a remix using Plaintiff's infringed works and released it on his own Deadmau5 Label. Upon information and belief, Defendant Zimmerman licensed this infringing remix to others such as the UK label Cubrik Records.

## MARK BROWN, CR2 RECORDS

32. Mark Brown and CR2 released numerous remixes of Carl Cox's "I Want You (Forever)" from 2008 - present on CR2 Records. One notable release being Josh Butler's remix released 2008, which is currently at 45 million streams on Spotify. CR2 failed to credit Plaintiff as a writer, after being made aware of the infringement and knowingly from 2011 that the

Plaintiff owns the SR and PA copyright to "Love Will Find a Way".

33. The credit as writer and copyright owner has never been updated to reflect the plaintiff's ownership.

34. Defendant's actions eliminated the possibility of Plaintiff receiving mechanical royalties, and has not been paid a mechanical royalty to date.

` 35. That there is no negotiated agreement to clear the PA to the sampled elements of plaintiff's works "Love Will Find A Way" that is included on Carl Cox release "I Want You (Forever)" released on said label. Mechanical royalties from "I Want You (Forever)" have been distributed between the Defendants Carl Cox and Martin Lascell.

## VIRGIN RECORDS, FULL COLOUR, REVEALED RECORDINGS, UNIVERSAL MUSIC GROUP JOB SMELTZER P/K/A LA FUENTE, and ROBERT DE CORUPT P/K/A HARDWELL

36. Job Smeltzer p/k/a La Fuente, Dutch DJ residing in The Netherlands, sampled the Plaintiffs copyright work "Love Will Find A Way" released on Dance Mania Records in 1988, and used it to create, "I Want You", released 04/15/2022.

37. This sampled element is the same audio element that Carl Cox extracted from the Plaintiff's audio sound recording works in 1991 and used without authorization.

38. Job Smeltzer p/k/a La Fuente version, "I Want You" contains the same dominant sample as Carl Cox's version. Both extracted as a direct sample, without authorization from the Plaintiff's copyrighted works - "Love Will Find a Way".

39. Job Smeltzer p/k/a La Fuente is owner of Full Colour Records which licensed said composition to Revealed Recordings or Revealed Music B.V., owned by Robert de Corupt p/k/a

Hardwell and Virgin/Universal, which is currently streaming with a Hardwell remix at 48 million streams on Spotify..

40. Massimo Baudo, a representative of Revealed Music B.V. and owner of Big Instrumental Publishing persuaded the Plaintiff to sign off on the PA, stating Plaintiff's sound recording would be cleared.

41. Massimo Baudo was contacted by the Plaintiff to clear the sound recording of the said release, the defendant (Massimo Baudo) vehemently denied that an audio sample of the plaintiff's work exist in their works titled "I Want You".

42. The Defendants made false claims and hired a company to mislead the Plaintiff that the exact audio and exact performance that their works ``I Want You" was a recreation of the plaintiff's original works.

43. The existing technology of audio DNA recognition, ACRCloud, or Music Recognition Technology (MRT) detected that the sample of "Love Will Find A Way" exists on La Fuente's version, "I Want You". It was not recreation but as a direct sample from Plaintiff's sound recording. The same applies to Carl Cox's release of "I Want You (Forever)". MRT has proven to be 0.00001% or 1 error in every 100,000 scans or 99.99999% accuracy.

44. The Plaintiff attempted numerous times through email correspondence to clear the sound recording of said works of La Fuente, with Massimo Baudo, a representative of Revealed Music B.V., to no Avail.

### MASSIMO BAUDO, BIG INSTRUMENTAL PUB.

45. Massimo Baudo obtained a PA clearance and administrative rights in order to manipulate the Plaintiff into signing the PA clearance agreement, to administer and purchase 25% share of the original 50% share that the Plaintiff stated would be required in order to clear

the sample of " Love Will Find A Way" to be used in La Fuente's "I Want You".

46. The Defendant made false claims that the Plaintiff's sound recording of "Love Will Find A Way" did not exist in La Fuente's works "I Want You", only after obtaining the PA clearance and 25% share of the original 50% share of said composition.

47. When the Plaintiff asked for proof of the re-creation, Plaintiff received emails from the Defendant containing a vocal performance and misleading information from a company who backdated an invoice of a so-called re-creation recording session of the Plaintiff's original sound recording, audio and performance.

48. MRT technology findings were that the Plaintiff's sound recording vocal elements are the only vocal elements affixed to La Fuente's "I Want You" that is streaming on all digital download and streaming platforms, including Spotify which has a Hardwell remix along with La Fuente's original mix.

## PAUL OAKENFOLD

## PERFECTO RECORDS

## BMG

49. Defendant Paul Oakenfield released Defendant Carl Cox's "I Want You (Forever)" in 1991 (whose title is derived from the vocals taken without authorization from Plaintiff's work). The Plaintiff at all relevant times owned the copyright in and to the composition, song and sound recording of the Infringed Work. Records with each such transaction bestowing substantial wealth on Defendant Oakenfold.

50. Plaintiff's master recording is one of the crown jewels of Perfecto Records catalog and, upon information and belief, was pivotal to all of Defendant Perfecto Records' business dealings.

51. In 1991 Defendant Oakenfold released on imprint Perfecto Records, the Defendant licensed and or sold the rights to BMG Records LTD UK., without authorization from the Plaintiff.

52. Defendant Oakenold's use of the copyright and subsequent release of several modified versions/remixes of the song "I Want You (Forever)" has damaged Plaintiff economically.

53. Defendant Oakenfold, Cox, and Brown's use of the copyright and subsequent release of the song "I Want You (Forever)" along with several remixes has damaged Plaintif. and he seeks recovery of said damages, in amounts to be proven at trial.

54. Defendants as a group further infringed on Plaintiff's rights by granting licenses of the infringing work to other labels and those subsequent releases of the infringing song "I Want You (Forever)" along with several remixes has damaged Plaintiff and he seeks recovery of said damages.

55. In 1991 Carl Cox and the other Defendants used sampling technology to extract portions of the sound recording for Plaintiff's "Love will find A Way". Defendants created several new songs featuring significant portions of Plaintiff's Infringed Work, releasing versions of each new song through Defendant Oakenfold's Perfecto Records.

56. Defendant Paul Oakenfield released Defendant Carl Cox's "I Want You (Forever)" (whose title is derived from the vocals taken without authorization from Plaintiff's work) via his Perfecto Records label without authorization from Plaintiff's who at all relevant times owned the copyright in and to the composition and sound recording of the Infringed Work.

COUNT 1

(DECLARATORY JUDGMENT OF INVALIDITY OF DEFENDANTS' REGISTRATIONS FOR THEIR INFRINGING WORKS -FRAUD ON COPYRIGHT OFFICE)

(Against All Defendants)

57. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 54, as if fully set forth herein.

58. Plaintiff is now and at all relevant times has been the owner of the copyrights in the recording and composition set forth in Exhibit A.

59. Defendants knowingly submitted materially false information to the Copyright Office by claiming ownership in Plaintiff's composition and sound recording. Defendants made these materially false representations to the Copyright Office to induce the Copyright Office to issue federal copyright registrations to the Defendants for their infringing works. Consequently, the Defendants were issued copyright registrations for their infringing works that would not have been issued but for Defendants' material misrepresentations.

60. The Defendants never received a valid assignment, transfer, or license of any copyright interest in or to any of the Plaintiff's composition and/or sound recording for the Infringed Work. Defendants have no rights in or to Plaintiff's Infringed Work.

61. The Defendants' copyright registrations were procured by fraud and would not have been issued had the Copyright Office been aware of Defendants' intentional and fraudulent representations that they owned Plaintiff's Infringed Work or any rights to the same when they did not. As a result, the Defendants' copyright registrations must be invalidated since the information provided by Defendants as to ownership and "transfer" was and is false and material.

62. Inaccurate and false information was included in the Defendants' applications, with the knowledge that it was inaccurate and such inaccuracy would cause the Register of Copyrights to refuse registration the application. if known that the representations made by Defendants were false.

63. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., authorizes this Court to declare the rights and legal relations of parties to an active controversy under its jurisdiction.

64. There is an actual, present, and existing dispute between and among the Parties concerning the validity of the copyright registrations Defendants obtained for songs that made liberal and unauthorized use of Plaintiff's Infringed Work.

65. The Court's determination of the issues presented herein would be final and conclusive insofar as the declaratory judgment sought by Plaintiff would fully and finally resolve the Parties' disputes with respect to the validity of the Defendants' Copyright Registrations.

66. The copyright registrations Defendants obtained through fraud on the Copyright Office gave Defendants a false imprimatur of legitimacy that facilitated their exploitation of many works that infringed upon Plaintiff's copyright rights. Defendants' fraud on the Copyright Office caused direct and considerable damage to Plaintiff in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays that the Court find for the Plaintiff and enter an order and judgment as follows: issuing a Declaratory Judgment finding that ALL DEFENDANTS committed Fraud on the Copyright Office in their applications for their various Copyright Registrations for works that infringed upon Plaintiff's Infringed Work and that Defendants' copyright registrations obtained through fraud on the Copyright Office are invalidated.

COUNT II

(WILLFUL DIRECT COPYRIGHT INFRINGEMENT)

(Against All Defendants)

67. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 64, as if fully set forth herein.

68. Plaintiff is the author and owner of the copyrights in and to the composition and sound recording for the Infringed Work shown in the copyright registration information attached in Exhibit A.

69. As the owner of the copyrights in the Infringed Work, Plaintiff has the exclusive right under the Copyright Act to, among other things, produce, manufacture, transmit and/or distribute phonorecords embodying them. Only Plaintiff is able to transfer any rights in Plaintiff's Infringed Work to a third party.

70. Defendants conduct, either directly and/or through third parties, constitutes willful infringement of Plaintiff's Works.

71. At various times during the period prior to the commencement of this action, Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization and distributed, sold, and/or licensed both physical and digital copies of infringing works based on and incorporating Plaintiff's Infringed Work without the authorization or consent of the Plaintiff.

72. Defendants, individually and/or collectively, had no license or other form or permission, whether express or implied, to copy, reproduce, duplicate, perform, record,

sell, use, transmit, distribute, or in any way use or exploit the Infringed Work.

73. By reproducing, manufacturing, distributing, transmitting, and selling copies of works based upon and incorporating significant portions of the Infringed Work without any license or other authorization, Defendants have infringed Plaintiff's rights in and to the composition and sound recording of the Infringed Work in violation of the Copyright Act.

74. The Defendants' infringing acts were done in knowing and reckless disregard of Plaintiff's rights in and to the Infringed Work, and such infringements were willful as that term is defined in the Copyright Act.

75. As a direct result of the Defendants' infringement of the Infringed Work, Plaintiff is entitled to his actual damages with respect to each infringing use of the Infringed Work, including the Defendants' profits from such infringing activity, as will be proven at trial. Alternatively, Plaintiff may elect to recover statutory damages and are entitled to the maximum statutory damages available for willful infringement under 17 U.S.C. § 504, in the amount of $150,000 with respect to each infringing work and to any and all other relief the Court deems just and proper under the law.

76. Plaintiff, is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

77. Defendants' conduct caused, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury to his reputation and career that cannot be adequately compensated or measured in money.

78. Plaintiff has no adequate remedy at law.

79. Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to a permanent injunction prohibiting further infringement of the Infringed Work.

WHEREFORE, Plaintiff respectfully prays that the Court find in his favor and enter an order and judgment as follows: (i) finding ALL DEFENDANTS liable for direct, willful infringement of Plaintiff's Infringed Work, including Defendants' profits, in such amounts as may be found; or (ii) in the alternative and at Plaintiff's election awarding statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law; (iii) awarding Plaintiff the costs of this action, including reasonable attorney's fees pursuant to 17 U.S.C. §505 relating to the infringements of Plaintiff's Infringed Work identified in Exhibit A; and (iv) entering such further relief that this Court deems just and appropriate, as well as Plaintiff's costs, including reasonable attorneys' fees as provided by statute, and interest on his damages at the legal rate.

## COUNT III
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

80. Plaintiffs repeat and reallege, the allegations in Paragraphs 1 through 77, as if fully set forth herein.

81. At various times during the three-year period prior to the commencement of this action, the Infringed Work has been and continues to be illegally reproduced, published, licensed and/or sold and distributed by Defendants without Plaintiff's authorization in violation of 17 U.S.C. § 101 et seq.

82. Plaintiff owns the copyrights for the composition and sound recording of the Infringed Work both of which have been infringed by the Defendants as hereinabove alleged.

83. The Defendants are secondarily liable under the Copyright Act for such infringing acts, including for the direct infringement of Plaintiffs' exclusive copyright rights by Perfecto, Mau5Trap Records and CR2 Records.

84. The Defendants Universal Music Group, Virgin Records. induced, caused, participated in, aided and abetted and/or materially contributed to the infringing conduct by Perfecto, Mau5Trap Records and CR2 Records.

85. Defendants Cox, Zimmerman and Brown are liable as a contributory copyright infringer. Cox, Zimmerman and Brown had actual and constructive knowledge of the infringing activity that occurred and is occurring with respect to the Infringed Compositions, and induced, caused, participated in, aided and abetted and/or materially contributed to such infringing conduct by Perfecto, Mau5Trap Records and CR2 Records.

86. The foregoing acts of infringement by Cox, Zimmerman and Brown have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

87. As a direct and proximate result of such infringement of Plaintiffs' Works and Plaintiffs' exclusive rights under copyright, Plaintiffs, or either of them, are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each of the Infringed Works or such other amounts as may be proper.

88. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiffs are entitled to actual damages with respect to each of the Infringed Works, including Cox's, Zimmerman's and Brown's profits from such infringements, in such amounts as will be proven at trial.

89. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully prays that the Court find in their favor and enter an order and judgment as follows: finding DEFENDANTs COX, ZIMMERMAN and BROWN

liable for contributory infringement of Plaintiffs' Works and (i) awarding actual damages pursuant to 17 U.S.C. §504(b), including any profits of Defendant Rachel Cain, in such amounts as may be found; or (ii) in the alternative and at Plaintiffs' election relating to the infringements of Plaintiffs' Works, awarding statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law; (iii) relating to the infringements, awarding Plaintiffs the costs of this action, including reasonable attorney's fees, pursuant to 17 U.S.C. §505; and (iv) entering such further relief that this Court deems just and appropriate, as well as Plaintiffs' costs, including reasonable attorney's fees as provided by statute, and interest on its damages at the legal rate.

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues which are so triable.

Respectfully submitted,

s/s: Sean Mulroney
Attorney for the Plaintiffs

Dated: September 26, 2024

ARDC #6196973
Sean M. Mulroney & Associates
516 N. Ogden Ave., Suite 191
Chicago, IL 60607
(312) 756-0011
sean@seanmulroney.com
*Attorneys for the Plaintiffs*

Anderson J. Duff (4860383)
Duff Law PLLC
353 Ocean Ave. Ste. 4E
New York, New York 11226
(646) 450-3607
ajd@hoganduff.com

*Attorneys for Plaintiffs*