IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR PARRIS MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case 1:24-cv-00496 |
| | ) | |
| CARL COX; PAUL OAKENFOLD; PERFECTO RECORDS, a UK registered company; BMG; CONCORD PUB.; MARTIN LASCELL; JOEL THOMAS ZIMMERMAN a/k/a DEADMAU5; MAU5TRAP RECORDS; MARK BROWN; CR2 RECORDS LTD RECORDS; FULL COLOUR RECORDS; REVEALED MUSIC B.V.; BIG INSTRUMENTAL PUB.; MASSIMO BAUDO, JOB SMELTZER p/k/a LA FUENTE; ROBERT VAN DE CORUPT p/k/a HARDWELL; VIRGIN UNIVERSAL MUSIC GROUP; ULTRA MUSIC | ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Franklin U. Valderama

Magistrate M. David Weisman |
| Defendants. | ) | |

**DEFENDANT CARL COX'S MOTION TO DISMISS**

Defendant, CARL COX ("Mr. Cox"), through his attorneys, Rock Fusco & Connelly, LLC, pursuant to Rule 12(b)(6), moves to dismiss the Plaintiff's Second Amended Complaint (ECF #47) ("Complaint"), states the following:

**INTRODUCTION**

Plaintiff, Victor Mitchell, has filed suit against numerous defendants, including Mr. Cox, alleging willful and contributory copyright infringement arising from sampling and distribution of a song he created entitled "Love Will Find A Way," ("**the Song**"), created in April 1988, and released in November 1988. Plaintiff did not register his copyright at the time the song was created, nor at the time the song was released. Instead, Plaintiff waited approximately thirty-five (35) years after creation to register his copyrights in January 2023,

then waited another year until January 2024 to file his original complaint in the instant matter. Plaintiff seeks defendants' profits, statutory damages and attorneys' fees pursuant to statute for the period of 1988 to present. However, as will be discussed in detail, Plaintiff's claim is barred by the statute of limitations, and he is further barred from recovering statutory damages or attorneys' fees. Plaintiff slept on the registration of his work and further slept on any enforcement until 2024. Plaintiff cannot state a claim against Mr. Cox and, therefore, the Complaint must be dismissed with prejudice.

## **FACTS**

Plaintiff, Victor Mitchell, alleges that he created the Song in April 1988 in Chicago, Illinois. ECF 47 at ¶ 6. The Song was released through Dance Mania Records in November 1988 and distributed by Barney's Wholesale Distribution. ECF# 47 at ¶ 6. Mitchell alleges that he owns the copyright to the composition of the Song (the "**Composition**") as well as to the sound recording of the Song (the "**Sound Recording**")[1]. ECF# 47 at ¶ 7. He further alleges that he obtained his federal copyright registrations for the Composition and the Sound Recording in 2021, and references Exhibit A to the Complaint. ECF# 47 at p. 3, ¶ 7. Except Mitchell didn't register these copyrights in 2021—he did it in 2023. Plaintiff's Exhibit A to the Complaint, which was generated from the Public Copyright Catalog from the United States Copyright Office, Mitchell registered the copyright for the Sound Recording on January 24, 2023, and the copyright for the Composition on January 25, 2023. ECF# 29-1. Mitchell waited over 34 years after the creation of the Song to register any copyrights. ECF# 29-1.

---

[1] It is worth noting that Mitchell registered the copyrights without giving any credits to the vocalist on the Song, Leatrice Brown. ECF# 29-1.

Even after registering the copyrights, he waited another year before filing his Complaint on January 19, 2024. ECF#1.

Mitchell alleges that in 1991, Cox "and the other Defendants used sampling technology to extract portions of the sound recording for" Mitchell's song. ECF# 47 at ¶ 56. Cox allegedly "willfully and knowingly" sampled the Song and created the work "I Want You (Forever)" (the "**1991 Song**"). ECF# 47 at ¶ 28. Mitchell alleges that Cox licensed the 1991 Song to Perfecto Records ("**Perfecto Records**") and Paul Oakenfold ("**Oakenfold**") in 1991 without authorization of Mitchell who "owns the copyright to said Sound Recording." ECF# 47 at ¶ 28. From 1991 to 2008, Perfecto, and later CR2 Records (2008-present), allegedly released "numerous versions" of the 1991 Song without authorization. ECF# 47, at ¶ 28. Further, in an unidentified timeframe, Perfecto, Cox and Oakenfold allegedly created and licensed "multiple remixes and versions," to BMG Bertlesmenn Music Group ("**BMG**"), Universal/Virgin ("**Universal**"), RCA/Sony Music Entertainment ("**RCA**"), and "numerous independent record labels internationally." ECF# 47 at ¶ 28.

Mitchell only specifically points to Joel Zimmerman's remix of the 1991 Song released in 2008 ("**Zimmerman Song**") (ECF# 47 at ¶ 31), and Josh Butler's remix of the 1991 Song released in 2008 ("**Butler Song**") (ECF# 47 at ¶ 33), as additional versions or remixes of Mr. Cox's work. Mitchell states that Cox was put on notice via email in 2011 regarding the alleged infringement. ECF# 47, ¶ 29. Notably, Mitchell does not attach the 2011 emails referenced in his Complaint. The Complaint does not refer to a single instance of the 1991 Song or a version or remix of the same occurring after the Plaintiff's copyright registrations in January 2023.

Mitchell alleges that he has not received credits to the 1991 Song or the Josh Butler Song. ECF# 47 at ¶ 34. He further alleges that he has not been paid mechanical royalties for the 1991 Song or the Josh Butler Song. ECF# 47 at ¶ 35. Mitchell alleges that there is "no negotiated agreement to clear the PA to the sampled elements" of the Song that Mitchell alleges were included in the 1991 Song. ECF# 47 at ¶ 36. Mitchell alleges that Mr. Cox continues to knowingly profit and benefit from Mitchell's copyrighted Sound Recording, without clearing the Sound Recording or Composition. ECF# 47 at ¶ 28. Finally, Plaintiff seeks to recover defendant's profits, as well as statutory damages, costs and attorney's fees. ECF# 47 at ¶¶ 76-78, 88-89.

## **LEGAL STANDARD**

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). *Twombly* requires that a party bringing a claim satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). A party's "obligation to provide the grounds of his entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (internal quotation marks and alteration omitted). In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the speculative level." *Id*. at 1965; *see also*, *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). A plaintiff must prove two elements to establish copyright infringement. First, he must demonstrate he owns "a valid copyright." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499

4

U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Second, he must show the defendant copied "constituent elements of the work that are original." *Id.*

## ARGUMENT

### I. Plaintiff's Infringement Claims Are Time-Barred

Plaintiff's Complaint lays out a clear timeline of acquiescence of Mr. Cox's use of the Sound Recording and Composition, and where Plaintiff has waited for 33 years to enforce his rights under the Copyright Act, his claim is barred by the statute of limitations. The Copy Right Act sets forth that in civil actions, no claim can be maintained under the provisions of the Act unless it is commenced within three years after the claim accrued. 17 U.S.C. § 507(b). While dismissal under Rule 12(b)(6) is irregular, a motion to dismiss based on laches or a failure to comply with the statute of limitations should be granted only where the plaintiff pleads itself out of court, or where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

In the instant case, Plaintiff unequivocally pleads that Cox's alleged infringement occurred in 1991, when Cox sampled the Song without authorization. He then identifies only two subsequent instances of alleged contributory infringement, where Cox's 1991 Song was remixed by Zimmerman and Butler, both of which occurred in 2008. Plaintiff has waited 33 years for Cox's alleged direct infringement, and 13 years for the alleged contributory infringement, to seek an infringement claim. The Complaint has clearly plead itself out of court with respect to Mr. Cox, as it has set forth everything necessary to satisfy the affirmative defense. As such, Plaintiff is time barred and Carl Cox must be dismissed from this matter with prejudice.

5

## II. Plaintiff Cannot Recover Statutory Damages or Attorneys' Fees in this Case

In the alternative, assuming *arguendo* that Plaintiff's claims are not time-barred, all of Plaintiff's alleged infringement identified in the Complaint occurred prior to his copyright registration and, therefore, he is not entitled to recover statutory damages, nor is he entitled to recover attorneys' fees. A plaintiff in an infringement action cannot obtain an award of statutory damages or attorney's fees for infringement that occurred prior to registration. *See* 17 U.S.C. § 412; see also, *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022). "The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d).

Section 412 of the Copyright Act (17 U.S.C. § 412), sets forth registration as a pre-requisite for certain remedies for infringement. It states as follows:

> In any action under this title, other than an action brought for a violation of the rights of the author under section [17 U.S.C. § 106A(a)], an action for infringement of the copyright of a work that has been preregistered under section [17 U.S.C. § 408(f)] before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section [17 U.S.C. § 411(c)], no award of statutory damages or of attorney's fees, as provided by sections [17 U.S.C. §§ 504 and 505], shall be made for—
>
> > (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> >
> > (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

6

17 U.S.C. § 412. By denying an award of statutory damages and attorney's fees to parties that fail to promptly register their copyrights, Congress sought to encourage such copyright registration. *Do It Best Corp. v. Passport Software, Inc.,* No. 01 C 7674, 2005 U.S. Dist. LEXIS 7213, at *59 (N.D. Ill. Mar. 31, 2005) (*citing Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 536 (E.D.N.Y. 1988)). In denying an award of statutory damages and attorneys' fees, the court in *Singh* first looked to the legislative history of § 412, noting that "Congress' evident purpose was to induce those owning copyrightable works to register them properly." *Id*. In the court's view, the means chosen was to deny the "extraordinary" remedies of statutory damages and attorney's fees where registration is not promptly made. *Id.*, at *62, (*citing Singh*, 680 F. Supp. at 536.) The threat of such a denial would hardly provide a significant motivation to register early if the owner of the work could obtain those remedies for acts of infringement taking place after a belated registration. *Id.*

"[E]ach separate act of infringement is, of course, an "infringement" within the meaning of the statute, and in a literal sense perhaps such an act might be said to have "commenced" (and ended) on the day of its perpetration…it would be peculiar if not inaccurate to use the word "commenced" to describe a single act. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter." *Singh*, 680 F. Supp. at 535; *accord Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1394 (C.D. Cal. 1993) (*quoting Singh*, 680 F. Supp. at 535); *Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1286 (S.D. Tex. 1990) ("The plain language of the statute does not reveal that Congress intended to distinguish between pre- and post-registration infringements."); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th

7

Cir. 2008)("the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412").

In the instant case, Plaintiff did not register his copyrights arising from the Song—created in April 1988—until January 24, 2023, for the Sound Recording and January 24, 2023, for the Composition. This is far beyond the three-months allowed pursuant to § 412, and further runs afoul of the prompt registration required to recover attorney's fees and statutory damages. And, while there is nothing pleaded in the Complaint specifically evidencing post-registration infringement that would allow Plaintiff to recover attorneys' fees or statutory damages, where Plaintiff has claimed continuous and/or ongoing infringement, he is still barred from recovery. As such, Plaintiff's request for attorney's fees and statutory damages must be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss must be granted, and Carl Cox must be dismissed from the instant matter with prejudice.

**WHEREFORE,** Defendant, CARL COX, through his attorneys Rock Fusco & Connelly, respectfully requests this Honorable Court GRANT his Motion to Dismiss pursuant to Rule 12(b)(6), dismiss CARL COX from this matter with prejudice, and for any other relief this Court deems just and proper.

| | |
|---|---|
| Dated: June 2, 2025 | Respectfully submitted,<br>**CARL COX** |
| Matthew P. Connelly, ARDC # 6298314<br>Cory D. Anderson, ARDC # 6274473<br>Matthew D. Patterson ARDC # 6321918<br>Rock Fusco & Connelly, LLC<br>333 W. Wacker Drive, 19th Floor<br>Chicago, Illinois 60606 | /s/ Matthew D. Patterson<br>One of Defendant, Carl Cox's Attorneys |

8

mpc@rfclaw.com
canderson@rfclaw.com
mpatterson@rfclaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of *Defendant, Carl Cox's Motion to Dismiss,* served on All Counsel of Record via this Court's CM/ECF filing system, on June 2, 2025, and that all such Counsels are registered e-filers.

       */s/ Matthew D. Patterson*