IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| VICTOR PARRIS MITCHELL p/k/a Victor Romeo,<br><br>      Plaintiff,<br><br>CARL COX, PAUL OAKENFOLD, PERFECTO RECORDS, BMG, SONY MUSIC ENTERTAINMENT, RCA RECORDS, CONCORD PUB., MARTIN LASCELL, JOEL THOMAS ZIMMERMAN p/k/a DEADMAU5, MAU5TRAP RECORDS, MARK BROWN, CR2 RECORDS LTD, RECORDS, FULL COLOUR RECORDS, REVEALED MUSIC B.V., BIG INSTRUMENTAL PUB, MASSIMO BAUDO JOB SMELTZER p/k/a LA FUNTE, ROBERT VAN DE CORUPT p/k/a HARDWELL, VIRGIN, UNIVERSAL MUSIC GROUP.<br><br>      Defendants. | Case No. 1:24-cv-00496<br><br>Honorable Franklin U. Valderrama |

**DEFENDANTS PAUL OAKENFOLD AND PERFECTO RECORDS'
MOTION TO DISMISS PLAINTFF'S SECOND
AMENDED COMPLAINT**

  Defendants, PAUL OAKENFOLD and PERFECTO RECORDS ("Perfecto Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Honorable Court for entry of an order dismissing Plaintiff's Second Amended Complaint with prejudice. In support, the Perfecto Defendants state as follows:

**I. INTRODUCTION**

  A quick read of Plaintiff's Complaint reveals that he has not stated a federal copyright claim against the Perfecto Defendants. First, at the threshold, Plaintiff's claims are time-barred by

1

more than a decade. Plaintiff's own allegations make clear that any alleged infringement by the Perfecto Defendants ceased in 2008. Plaintiff's claims fall so far outside of the statute of limitations that no amount of creative pleading or legal maneuvering by Plaintiff can revive them.

That alone warrants dismissal, but it does not stop there. Throughout his Complaint, Plaintiff repeatedly alleges claims against all "Defendants" collectively, without any of the required particularly of the "who, what, where, when and how." Plaintiff persists in this pattern of deficient pleading in Count I (declaratory relief) and Count II (willful infringement). Further, Plaintiff's declaratory relief claim is duplicative of his underlying copyright infringement claim, and Plaintiff therefore has requested relief that is unavailable under the Copyright Act.

In short, Plaintiff's claims against the Perfecto Defendants are not just deficient—they are legally untenable. All of Plaintiff's allegations against the Perfecto Defendants thus fail to state any plausible claims for relief that will survive this Motion to Dismiss pursuant to Rule 12(b)(6). This motion should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## II. BACKGROUND

Plaintiff, Victor Mitchell, alleges that he created the song "Love Will Find A Way" (hereinafter referred to as the "Work"), released through Dance Mania Records in November 1988. ECF# 47 at ¶ 6. Plaintiff registered the composition and sound recording of the Work 34 years later, in January 2023. ECF# 47-1. Plaintiff alleges that Defendant, Carl Cox, willfully and knowingly sampled the Work into Cox's own song "I Want You (Forever)" (hereinafter referred to as the "1991 Song"). ECF# 47 at ¶ 28. Cox then allegedly licensed 1991 Song to the Perfecto Defendants from 1991 through 2008, and CR2 Records from 2008 to the present. *Id.* During an unidentified timeframe, the Perfecto Defendants allegedly released the 1991 Song through various record labels, including RCA Records / Sony Music Entertainment, Universal / Virgin Records,

and BMG, and released "multiple remixes and versions" of the 1991 Song without authorization from the Plaintiff.[1] *Id.* However, as the Complaint makes clear, these transactions would have occurred no later than 2008, when Perfecto's purported license with Cox expired, as alleged in the Complaint.

On January 19, 2024, Plaintiff commenced suit against numerous defendants for allegedly infringing upon the Work. ECF# 1. On May 5, 2025, Plaintiff filed the Second Amended Complaint, grouping factual allegations against the Perfecto Defendants with RCA / Sony and BMG Entertainment. ECF# 47 at ¶¶ 50-57. Plaintiff asserts claims for a declaratory judgment of invalidity of defendants' registrations for the infringing works – fraud on copyright office (Count I) and willful copyright infringement (Count II) against all Defendants. *Id.* This motion to dismiss timely followed.

### III. ARGUMENT

#### A. Legal Standard

A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Moreover, a Rule 12(b)(6) motion to dismiss based on a failure to comply with the statute of limitations may be granted where the plaintiff pleads itself out of court, or where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

---

[1] For purposes of Rule 12(b)(6), the Perfecto Defendants accept the allegations in the Complaint as true. However, for the sake of clarity, the Perfecto Defendants dispute the factual allegations as they pertain to them, including any allegations that the Perfecto Defendants owned, controlled, or distributed the 1991 Song or received any compensation from its exploitation. The Perfecto Defendants will submit evidence refuting those allegations if the case proceeds beyond this motion to dismiss.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are generally not required, a complaint must include "more than an unadorned, the-defendant-harmed-me accusation." *Id.* A court need not accept conclusory factual allegations and legal conclusions as true. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

### B. Plaintiff's Claims Against the Perfecto Defendants, at the Latest, Became Time-Barred in 2011.

Even under the most generous interpretation of the Complaint, Plaintiff's claims against the Perfecto Defendants are barred by the statute of limitations by over a decade. In this regard, the Complaint lacks any allegations of infringement by the Perfecto Defendants after 2008, which, by the three-year statute of limitations, would have required Plaintiff to have commenced this action no later than 2011. Indeed, the Complaint asserts that the Perfecto Defendants allegedly released the 1991 Song and various remixes, and granted licenses to various record labels, without stating when these actions occurred. ECF# 47 at ¶¶ 50, 53-55. Similarly, Paragraph 72, under Count I, alleges that "*[a]t various times* during the period prior to the commencement of this action, Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization." *Id.* at ¶ 72 (emphasis added). These allegations are fatally vague as to dates or timeframes and, by implication, only refer to conduct that could have occurred during the period in which each defendant allegedly held rights to distribute the 1991 Song. In the case of the Perfecto Defendants, this was from 1991 to 2008. ECF# 47 at ¶ 28.

4

The Copyright Act provides that no action may be maintained unless it is commenced within three years of the date the claim accrued. *See* 17 U.S.C. § 507(b); *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014)("[T]he right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the from the date on which the suit was filed." Here, the Complaint contains no allegations of infringement by the Perfecto Defendants within the three-year look-back period preceding Plaintiff's commencement of this action on January 24, 2024. ECF# 1. Instead, Plaintiff alleges that the Perfecto Defendants first infringed the Work in 1991, which is more than 30 years before he filed his copyright registration and commenced this action. Importantly, Plaintiff then acknowledges that Cox's license of the 1991 Song to the Perfecto Defendants had terminated no later than 2008. Since there are no allegations that suggest the Perfecto Defendants continued to infringe the Work after 2008, Plaintiff's claims against the Perfecto Defendants, at best, expired three years later, in 2011. Plaintiff simply cannot escape the reality that under any plausible reading, the Complaint fails to assert a timely claim against the Perfecto Defendants. As such, his claims should be dismissed.

      **C.**      **Independent of the Statute of Limitations, Plaintiff's Claims Must Be Dismissed Under Rule 12(b)(6).**

Setting aside the clear bar imposed by the statute of limitations, Plaintiff's Complaint is still deficient on its face. First, the Complaint improperly lumps the Perfecto Defendants with other parties, offering no specific allegations to support liability. Second, Plaintiff's declaratory judgment claim is duplicative of the underlying copyright infringement claim and should be dismissed. Third, Plaintiff seeks remedies that are not available under the Copyright Act. The Perfecto Defendants adopt and incorporate the arguments and accompanying precedent in Sony

5

Music Entertainment's motion to dismiss, Section 2, pertaining to the arguments above, and in further support of their motion, state as follows.

### 1. Counts I And II Treat the Perfecto Defendants as Part of a Larger Group Without Providing Any Facts to Support the Perfecto Defendants' Liability.

Counts I and II fail against the Perfecto Defendants because they are improperly alleged against "all defendants," and fail to specify which defendant did which infringing act. This type of group pleading is insufficient. *See, e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed").

Here, Counts I and II consist of vague and undifferentiated group allegations that fail to establish any plausible basis for liability against the Perfecto Defendants. For instance, Paragraph 60, central to Count I, alleges that "Defendants knowingly submitted materially false information to the Copyright Office by claiming ownership in Plaintiff's composition and sound recording. . ." ECF# 47 at ¶ 60. However, nowhere in the Complaint is it alleged that the Perfecto Defendants applied for or acquired rights to the 1991 Song from the Copyright Office. Further, Paragraph 72, forming the basis of Count II, alleges that "Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization and distributed, sold, and/or licensed both physical and digital copies of infringing works." *Id.* at ¶ 72. Yet, the Complaint is devoid of any allegations that the Perfecto Defendants ever created, distributed, or exploited the Work.

Essentially, Plaintiff relies on blanket assertions against a collective group to impute liability to the Perfecto Defendants. This type of group pleading cannot stand. Courts routinely reject complaints that fail to distinguish among defendants and instead rely on blanket allegations against a collective group. *See, e.g.*, *Puncochar v. Revenue Mgt. of Illinois Corp.*, No. 15-cv-07089

6

(SJC), 2017 WL 1208427, at *2 (N.D. Ill. Mar. 31, 2017). In sum, Counts I and II amount to nothing more than undifferentiated group allegations and fail to state a claim against the Perfecto Defendants. Dismissal under Rule 12(b)(6) is warranted.

### 2. Plaintiff's Declaratory Judgment Claim Fails as a Matter of Law.

First, as set forth in the Sony motion, Plaintiff's declaratory judgment claim is duplicative of the underlying infringement claim and should be dismissed. *See* ECF 76, Section 2(c). Second, Plaintiff's factual allegations of "fraud on the Copyright office" contained in Count I fail to comply with the salutary provision of Rule 9(b) that "in all averments of fraud . . . the circumstances constituting fraud shall be stated with particularity." As noted above, Count I makes blanket allegations of copyright registrations procured by fraud, yet never specifically alleges that the Perfecto Defendants applied for or acquired the rights to the Work. This is the type of pleading that Rule 9(b) was designed to prevent. For these reasons, Count I should be dismissed.

### 3. Plaintiff Seeks Remedies That are Unavailable Under the Copyright Act.

Congress has made clear that statutory damages or attorneys' fees may not be awarded for "[a]ny infringement of copyright commenced after first publication of the work and before the effective date of its registration." 17 U.S.C. § 412; *see also Southall v. Force Partners, LLC*, No. 20 C 03223, 2021 WL 3883082, at *4 (N.D. Ill. Aug. 31, 2021) (dismissing with prejudice the plaintiff's prayer for statutory damages as a form of relief where the alleged infringement commenced around 18 months *before* the copyright was registered).

Here, Plaintiff is not entitled to these damages requested in Count II. Plaintiff alleges that the Work was published in 1988, and that the Perfecto Defendants infringed upon the Work from 1991 through 2008, but no copyright registrations were obtained until 2023. Thus, publication of the Work and the supposed infringements allegedly took place decades prior to the alleged registrations. For this reason, statutory damages and attorneys' fees are not available to Plaintiff pursuant to Section 412 of the Copyright Act.

## CONCLUSION

For the foregoing reasons, Defendants, PAUL OAKENFOLD and PERFECTO RECORDS respectfully request that the Court grant this Motion to Dismiss with prejudice.

Respectfully submitted,

By: */s/ Olivia E. Duggins*
One of the Attorneys for Paul Oakenfold and Perfecto Records

Jeffrey S. Becker (jbecker@smbtrials.com)
Olivia E. Duggins (oduggins@smbtrials.com)
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 29, 2025, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ Olivia E. Duggins*