**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VICTOR PARRIS MITCHELL, p/k/a Victor Romeo, | |
| Plaintiff, | No. 24-cv-0496 |
| v. | Judge Franklin U. Valderrama |
| CARL COX, PAUL OAKENFOLD, *et al.*, | |
| Defendants. | |

**ORDER**

Plaintiff Victor Parris Mitchell (Mitchell) created the song "Love Will Find a Way." R. 47, Second Amended Complaint (SAC). Mitchell sued Defendants Carl Cox (Cox), Paul Oakenfold, and other music industry defendants for infringement under the Copyright Act, 17 U.S.C. § 101, alleging that Cox, without his consent, sampled "Love Will Find a Way" and derivatively created another recording which Cox licensed to Defendants Oakenfold and Perfecto Records (collectively, the Perfecto Defendants) in 1991 and to CR2 Records (CR2) in 2008. Cox moves to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6). R. 62, Mot. Dismiss. For the reasons that follow, the Court grants in part and denies in part the motion to dismiss.

**Background**[1]

Mitchell is a music producer and recording artist, who wrote, composed, and produced "Love Will Find a Way," in April 1988. SAC ¶ 6. "Love Will Find a Way" was released on Dance Mania Records in November 1988. *Id.* On January 24, 2023 and January 25, 2023, Mitchell obtained copyright registrations for the sound recording and the composition, respectively, of "Love Will Find a Way." *Id.* ¶ 7. R, 47-1, Exh. A, 2023 Copyright.[2] Carl Cox sampled "Love Will Find a Way" and created "I Want You (Forever)" and licensed said works to the Perfecto Defendants in 1991 and to CR2 in 2008, without Mitchell's authorization. SAC ¶ 28. Perfecto released numerous versions of "I Want You (Forever)" between 1991 and 2008, and CR2 did so from 2008 through the present. *Id.* ¶¶ 28, 33. Cox, Oakenfold, and Perfecto Records created and licensed multiple remixes and versions to Universal Music Group/Virgin Records, BMG Limited UK, Sony Music Entertainment/RCA Records, and numerous independent record labels internationally. *Id.* ¶ 28.

Also in 1991, Cox, along with Defendant Martin Lascell (Lascell), extracted elements from the sound recording to "Love Will Find A Way" and affixed it as the

---

[1] The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Mitchell. *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[2] When deciding a motion to dismiss, "the Court 'must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Blue Book Servs., Inc. v. Farm J., Inc.*, 435 F. Supp. 3d 912, 916 (N.D. Ill. 2020) (quoting *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–1020 (7th Cir. 2013)). The Court may take judicial notice of the copyright registration. *See id.*

main dominant hook to their works and titled it "I Want You (Forever)." SAC ¶ 30. Lascell registered a copyright with MCPS and is collecting publishing from Mitchell's unauthorized sampled elements administered by and through Career Music - BMG. *Id.* Mechanical royalties from "I Want You (Forever)" have been distributed between Cox and Lascell. *Id.* ¶ 36.

In the SAC, Mitchell alleges that "Cox has been put on notice via email since 2011 regarding the infringement." SAC ¶ 29.

On January 19, 2024, Mitchell sued Defendants for, among other things, copyright infringement. R. 1. Mitchell has since amended the complaint; the Second Amended Complaint is the operative complaint, which asserts causes of action for: (1) declaratory judgment that Defendants committed fraud on the Copyright Office in the application for their copyright registrations for works that infringed upon "Love Will Find a Way" (Count I); (2) copyright infringement (Count II); and (3) contributory copyright infringement (Count III). *See generally* SAC. Mitchell brings all claims against all Defendants: Carl Cox, Paul Oakenfold, Perfecto Records, BMG Limited UK, Sony Music Entertainment/RCA Records, Career - BMG, Joel Thomas Zimmerman, a/k/a Deadmau5, Mau5Trap Records, CR2 Records, Massimo Baudo, Martin Lascell, Revealed Music B.V., Mark Brown, Big Instrumental Publishing, Robert de Corupt p/k/a Hardwell, Job Smeltzer p/k/a La Fuente, Virgin Records, Full Colour Records, Universal Music Group. Cox now moves to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6). Mot. Dismiss.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

**Analysis**

Cox advances two bases for dismissal.[3] First, Mitchell's claims are barred by the applicable statutes of limitations. Mot. Dismiss at 5. Second, Mitchell cannot recover statutory damages or attorneys' fees. *Id.* at 6. Before turning to Cox's two arguments, however, the Court first addresses Mitchell's declaratory judgment claim.

---

[3]The Court has subject matter jurisdiction over Mitchell's copyright infringement claims and related declaratory judgment claim pursuant to 28 U.S.C. §§ 1331 and 1338.

4

I.   **Declaratory Judgement**

In Count I, Mitchell asserts a claim for declaratory judgment. SAC ¶¶ 58–67. Cox does not attack this claim. *See* Mot. Dismiss. Mitchell, however, in his responses to the Perfecto Defendants and Sony Music Entertainment's motions to dismiss, withdraws Count I. *See* R. 89 at 2; R. 93 at 4. Accordingly, based on the representation in those Responses, the Court considers Count I for declaratory judgment to be withdrawn and accordingly dismisses Count I. The Court turns to Cox's statute of limitations argument.

II.   **Statute of Limitations**

The statute of limitations is an affirmative defense, and "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (cleaned up).[4] Because a statute of limitations defense is an affirmative defense, courts only grant a motion to dismiss based on a statute of limitations defense "where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (cleaned up). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (cleaned up). "Indeed, the Seventh Circuit has noted

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

that dismissal under Rule 12(b)(6) on the basis of the statute of limitations is 'irregular,' because the defendant bears the burden of proof on that defense." *Richardson v. Kharbouch*, 2020 WL 1445629, at *6 (N.D. Ill. Mar. 25, 2020) (citing *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). It is with these principles in mind that the Court addresses the Perfecto Defendants' timeliness argument.

In Count II, Mitchell asserts a cause of action for willful direct copyright infringement, in which he alleges that he is the owner of the copyright for "Love Will Find a Way" and Defendants infringed on his copyright by distributing, selling and/or licensing physical and digital copies of the "Love Will Find a Way" without Mitchell's authorization or consent. SAC ¶¶ 72–74. Similarly, in Count III, Mitchell brings a cause of action for contributory copyright infringement, in which he alleges he owns the copyrights for the composition and sound recording of "Love Will Find a Way" and, in relevant part, Defendant "Cox, Zimmerman and Brown had actual and constructive knowledge of the infringing activity that occurred and is occurring with respect to the Infringed Compositions, and induced, caused, participated in, aided and abetted and/or materially contributed to such infringing conduct by Perfecto, Mau5Trap Records and CR2 Records." *Id.* ¶ 86.

To state a cause of action for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Janky v. Lake Cnty. Convention and Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (cleaned up). The Copyright Act provides that no civil action may

6

be maintained unless it is commenced within three years of the date the claim accrued. 17 U.S.C. § 507(b). The Seventh Circuit "recognizes a discovery rule in copyright cases." *Chi. Bldg. Design, P.C.* 770 F.3d at 614. That is, the "copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Id*. (cleaned up).

Cox argues that Mitchell's copyright claim is barred by the statute of limitations. Mot. Dismiss at 5. The SAC, notes Cox, alleges that Cox sampled "Love Will Find a Way" without authorization in 1991. *Id.* Additionally, argues Cox, the SAC identifies only two subsequent instances of alleged contributory infringement, where Cox's 1991 Song was remixed by Zimmerman and Josh Butler, both of which occurred in 2008. *Id.* Therefore, because Mitchell waited 33 years to file suit for Cox's alleged direct infringement and 13 years for his alleged contributory infringement, his claims are time-barred. *Id.*

Mitchell includes new allegations in his Response, most of which are supported by numerous exhibits attached thereto. Specifically, Mitchell alleges that he became aware of Cox's unauthorized sampling of "Love Will Find a Way" in 2011. R. 64, Resp. at 2. Immediately after discovering "I Want You (Forever)," he contacted Cox's manager, Lynn Cosgrave, who informed Mitchell of a separately released recording, titled "Carl Cox v Yousef remix." *Id.* On July 11, 2011, Mitchell and Cox executed a sample clearance agreement concerning only Mitchell's sound recording of "Love Will Find A Way" (the Licensing Agreement). *Id.* at 3. The Licensing Agreement authorized usage for one specific release and remix titled "Carl Cox v. Yousef 'I Want

7

You (Forever),'" released on the CR2 Record label. *Id.* (citing Resp. Exh. A, Licensing Agreement). Mitchell did not receive any accounting statements between executing the Licensing Agreement and June 8, 2022, when he received an email from CR2's online accounting service, which requested that Mitchell establish an account for statement access. *Id.* (citing Resp. Exh. B, 6/8/2022 Email). Mitchell received an online royalty statement that date, which caused him to further investigate, at which time he discovered "the extent of the infringement and the severity" of Cox's breach of the Licensing Agreement. *Id.* That is, Mitchell discovered that Cox commissioned, released, and licensed over 30 distinct remixes that included the phrase, "I want you – forever," which was derived from "Love Will Find a Way." *Id.* at 4, 6 (citing Resp. Exh. G, CR2 Releases). Mitchell also discovered at this time additional pre-2011 infringements. *Id.* at 5 (citing Resp. Exh. E).

Mitchell therefore contends that his copyright claims are timely based on the discovery rule. Resp. at 7. Specifically, all of the infringement claims detailed in the SAC "stem from discoveries made between 2022 and 2024, with additional ongoing discoveries continuing into 2025." *Id.* Because he filed his lawsuit in 2024, his claims are therefore timely. *Id.* at 7–8.

In reply, Cox argues that the discovery rule does not save Mitchell's claims. R. 68, Reply at 2–4. Under the discovery rule, points out Cox, "the copyright statute of limitations starts to run when the plaintiff learns, *or should as a reasonable person have learned*, that the defendant was violating his rights." *Id.* at 3 (quoting *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004) (emphasis added)). Therefore, by

8

alleging that he learned of the infringement in 2011 when he entered into the Licensing Agreement, Mithcell's claims accrued at that time. *Id.* Mitchell's additional allegations in his Response that he learned of "ongoing" infringements after not receiving any accounting statements from Cox's publisher in the eleven years after signing the Licensing Agreement do not change the outcome, argues Cox, as a reasonable person should have begun investigating issues related to the accounting statements before eleven years had passed. *Id.*

Additionally, contends Cox, Mitchell cannot rely on the ongoing infringement theory to loop in his claims based on infringement that occurred more than three years before he filed suit, as courts have rejected such arguments. Reply at 3–4 (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 672 (2014) ("[W]hen a defendant has engaged (or is alleged to have engaged) in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely under § 507(b) with respect to more recent acts of infringement (*i.e.,* acts within the three-year window), but untimely with respect to prior acts of the same or similar kind."); *Chicago Building Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 616 (7th Cir. 2014)). The Court agrees with Cox that Mitchell cannot rely on an ongoing infringement theory, as that has been foreclosed by *Petrella*. Whether Cox's claims are saved by the discovery rule, however, is another question.

Before addressing the merits of the parties' statute of limitations and discovery rule arguments, the Court must tackle two preliminary related matters, which neither party has addressed. First, as discussed above, Mitchell's Response includes

9

numerous additional allegations about the Licensing Agreement and his subsequent discoveries of infringement. In Reply, Cox does not object to the Court's consideration of these new allegations, as he argues that they simply do not matter. The Seventh Circuit has held that "district courts retain discretion to interpret new factual allegations or claims presented in a plaintiff's briefs as a constructive motion to amend," acknowledging that when "a plaintiff's argument amounts to a new claim [it is] generally impermissible," but when a plaintiff introduces "a new legal theory [it is] permissible." *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488–89 (7th Cir. 2023). Here, Mitchell is not introducing a new claim; rather, he introduces new factual allegations supporting his copyright claim. *Schmees* provides that when a district court elects to treat new allegations or claims as a constructive motion to amend, the court should "apply the familiar standards governing when leave to amend should be granted" and "pay[] particular attention to the potential for prejudice to the other parties." *Id.* at 490. Under Rule 15(a)(2), a party may amend its pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). As stated above, Cox does not object to the Court's consideration of the new allegations, and, as the allegations pertain to information that should have been known to Cox (i.e., details relating to the Licensing Agreement and post-2011 releases of "I Want You (Forever)"), the Court finds little prejudice in considering the new allegations, and therefore exercises its discretion to construe Mitchell's new allegations in his Response as a constructive motion for leave to amend under Rule 15(a)(2), which it grants. *Schmees*, 77 F.4th at 489.

10

Second, as also noted above, Mitchell, in support of his response, submits several exhibits supporting his new allegations and the allegations in the SAC. "Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint." *Fin. Fiduciaries, LLC v. Gannett Co.,* 46 F. 4th 654, 663 (7th Cir. 2022). As the Seventh Circuit has explained, if a court considers matters outside the pleadings, then the motion must be treated as one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). But, as with most rules, there are exceptions. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018). This exception is inapplicable, however, as the exhibits were not attached to the motion to dismiss. Even "when a document is not mentioned in the complaint, a court may consider it on a motion to dismiss if it is integral to the complaint." *Johnson v. Darren Findling L. Firm, PLC*, 2023 WL 5289338, at *6 (N.D. Ill. Aug. 17, 2023) (citing *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022)). But this exception is equally inapplicable as the exhibits are not integral to the complaint. Courts, however, may consider new materials, as well as new factual allegations raised in a response brief. *See Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) ("Materials or elaborations in [plaintiff's] brief opposing dismissal may be considered, so long as those materials or elaborations are consistent with the pleadings."). The information in the exhibits is not inconsistent with the SAC, and indeed, supports the new allegations in the Response, which the Court is considering

11

to be a motion for leave to amend to include those allegations. Therefore, the Court may consider the exhibits. The Court now turns to the substance of the parties' arguments.

Mitchell alleges in the SAC that "[a]t various times during the period prior to the commencement of this action, Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization." SAC ¶ 72. He also alleges that "Cox has been put on notice via email since 2011 regarding the infringement." *Id.* ¶ 29. The SAC does not itself, however, allege that *Mitchell* knew about the alleged infringement in 2011 (nor does it allege that Mitchell or his representatives sent the email to Cox.). Indeed, the SAC contains scant details regarding when Mitchell discovered the alleged infringement. Thus, on the face of the SAC, the Court cannot find that Mitchell has pled himself out of court.

In his declaration attached to his Response, however, Mitchell states that:

> In 2011, I discovered Carl Cox sampled my sound recording and lyrics from "Love Will Find A Way" in his derivative work, "I Want You (Forever)," initially released in 1991 on Perfecto Records. I directly contacted Carl Cox and Paul Oakenfold.

Resp. Exh. I, Mitchell Decl. at 1. Additionally, the emails between Mitchell, Cox, and their representatives between February and November 2011 demonstrate that Mitchell was aware of at least some of Cox's infringement up to that point. Resp., Exh. H, Emails.

As stated above, under the discovery rule, "the copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Chi. Bldg. Design, P.C.*, 770 F.3d at 614

12

(cleaned up). Put another way, "'constructive' discovery refers to the date on which . . . a reasonably diligent plaintiff should have discovered that the defendants were violating [his] rights." *Chi. Bldg. Design*, 770 F.3d at 615. Cox does not cite to any authority further describing what constitutes "reasonable diligence" or in support of his argument that a reasonable person would have looked into the issue when he was not receiving royalty payments or simply to make sure Cox was upholding the agreement and not using the copyrighted material in ways outside of the Licensing Agreement. Rather, Cox merely argues, without citation to authority, that a reasonable person should have investigated issues relating to the lack of royalties and accounting statements pursuant to the Licensing Agreement before eleven years had passed. Reply at 3. Therefore, the Court cannot say that Cox has met his burden of proof of establishing that the affirmative defense of the statute of limitations applies to alleged infringement that occurred after November 1, 2011, the date of the last email regarding Cox's alleged infringement. Exh. H. That is, Cox has not met his burden of showing that a reasonable person in Mitchell's shoes would have believed that, after the execution of the Licensing Agreement and the subsequent correspondence related to it, Cox would have ceased further infringement.

As for the pre-2011 infringement that Mitchell alleges that he discovered in recent years, based on the information before the Court, the Court is not persuaded that a reasonably diligent person that executed a licensing agreement with an alleged infringer at the time would not have ensured that no other infringing works existed at the time. This is supported by Mitchell's own allegations and exhibits in Response,

13

that in 2022, after receiving the accounting statement from CR2, he "conducted a search of various Digital Service Providers (DSPs) for the title, 'Carl Cox v. Yousef "I Want You (Forever),"'" which "revealed the extent of the infringement and the severity of the breach of the July 11, 2011 agreement by Defendant Cox," as well as "prior infringements predating the 2011 breached agreement." Resp. at 3, 5. The Court is mindful that the constructive notice and inquiry notice are not the same: that is, "[t]he concept of inquiry notice may help to identify the time at which a reasonable plaintiff can be expected to *start investigating a possible violation of his rights*, but it does not itself trigger the statute of limitations." *Chicago Bldg. Design*, 770 F.3d at 616 (emphasis added). Based on the allegations in Mitchell's Response, however, a search for various DSPs showed him additional pre-2011 infringement; upon receiving information of Cox's infringement in 2011, a reasonable person would have conducted such a search between 2011 and 2024 and thus would have been on constructive notice of the pre-2011 infringement well before 2021 (the three-year lookback period from the filing of this lawsuit). The Court therefore finds any infringement, even if Mitchell alleges that he only recently discovered it, before November 1, 2011, to be time-barred.

### III. Attorneys' Fees

Finally, Cox argues that Mitchell is not entitled to recover statutory damages or attorney's fees for any alleged infringement before Mitchell registered his copyrights. Mot. Dismiss at 6 (citing 17 U.S.C. § 412; *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022)). "The effective date of a copyright

14

registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office." 17 U.S.C. § 410(d). Section 417 of the Copyright Act states:

> In any action under this title, . . . an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C.A. § 412.

Mitchell obtained copyright registrations for the sound recording and the composition of "Love Will Find a Way" on January 24, 2023 and January 25, 2023, respectively. SAC ¶ 7; 2023 Copyright. Therefore, argues Cox, under Section 412, he may not recover attorney's fees or statutory damages for any infringement that occurred before registration of the copyrights. So too for any alleged infringement after January 25, 2023—of which Cox argues there is none—because courts have found alleged continued infringements to be one infringement, starting on the date of commencement, which will not entitle a plaintiff to statutory damages or attorneys' fees pursuant § 412 if that occurs pre-registration. Mot. Dismiss at 7–8; Reply at 4–5

(citing, *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) ("the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412. This interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights.")); *see also Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1286–87 (S.D. Tex. 1990), *aff'd,* 967 F.2d 135 (5th Cir. 1992) ("Defendants are accused of committing the same activity each time, for the same purpose, and using the same copyrighted material. The acts of alleged infringement clearly constitute a series of on-going separate infringements, with the first act occurring before registration, with registration occurring more than three months after first publication. . . . [T]here is no incentive to register early if the owner may obtain statutory damages for acts of infringement continuing after belated registration."). Indeed, Mitchell styles Cox's infringement as "ongoing." Resp. at 6–7.

Mitchell does not respond to Cox's arguments about the availability of attorney's fees or statutory damages for pre- or post-registration infringement, and therefore has waived the argument. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Accordingly, for the reasons stated above, the Court grants Cox's motion as to dismissal of Mitchell's request for attorney's fees and statutory damage.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part Cox's motion to dismiss [62]. The Court construes Mitchell's Response [64] to constructively amend the Second Amended Complaint. Any allegations of infringement before November 1, 2011 are time-barred and are dismissed with prejudice; however, any allegations of infringement after that date may proceed for now. Mitchell's request for attorney's fees and statutory damages is dismissed with prejudice. The dismissal of the pre-November 1, 2011 alleged infringement and of the request for attorney's fees and statutory damages is with prejudice, as the SAC is Mitchell's third pleading attempt. *Bank of Am.*, 725 F.3d at 819 (7th Cir. 2013) ("[I]n court, as in baseball, three strikes and you're out.").

Dated: March 9, 2026

                                                            United States District Judge
                                                            Franklin U. Valderrama