IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR PARRIS MITCHELL, p/k/a Victor Romeo, | |
| Plaintiff, | No. 24-cv-0496 |
| v. | Judge Franklin U. Valderrama |
| CARL COX, PAUL OAKENFOLD, *et al.*, | |
| Defendants. | |

**ORDER**

Plaintiff Victor Parris Mitchell (Mitchell) created the song "Love Will Find a Way." R. 47, Second Amended Complaint (SAC). Mitchell sued Defendants Carl Cox, Paul Oakenfold, and other music industry defendants for infringement under the Copyright Act, 17 U.S.C. § 101, alleging that Cox, without his consent, sampled "Love Will Find a Way" and derivatively created another recording which Cox licensed to Defendants Oakenfold and Perfecto Records (collectively, the Perfecto Defendants) who then created and licensed multiple remixes and versions to other music industry defendants. The Perfecto Defendants move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6). R. 88, Mot. Dismiss. For the reasons that follow, the Court grants the motion to dismiss.

## Background[1]

Mitchell is a music producer and recording artist, who wrote, composed, and produced "Love Will Find a Way," in April 1988. SAC ¶ 6. "Love Will Find a Way" was released on Dance Mania Records in November 1988. *Id*. In 2023 Mitchell obtained copyright registrations for the composition and the sound recording of "Love Will Find a Way." *Id*. ¶ 7. R, 47-1, Exh. A, 2023 Copyright.[2] Carl Cox sampled "Love Will Find a Way" and created "I Want You (Forever)" and licensed said works to Paul Oakenfold and Perfecto Records in 1991, without Mitchell's authorization. SAC ¶ 28. Cox, Oakenfold, and Perfecto Records created and licensed multiple remixes and versions to Universal Music Group/Virgin Records, BMG Limited UK, Sony Music Entertainment/RCA Records, and numerous independent record labels internationally. *Id*.

On January 19, 2024, Mitchell sued Defendants for, among other things, copyright infringement. R. 1. Mitchell has since amended the complaint; the Second Amended Complaint is the operative complaint, which asserts causes of action for: (1) declaratory judgment that Defendants committed fraud on the Copyright Office

---

[1] The Court accepts as true all of the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Mitchell. *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[2] When deciding a motion to dismiss, "the Court 'must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Blue Book Servs., Inc. v. Farm J., Inc.*, 435 F. Supp. 3d 912, 916 (N.D. Ill. 2020) (quoting *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–1020 (7th Cir. 2013)). The Court may take judicial notice of the copyright registration. *See id.*

in the application for their copyright registrations for works that infringed upon "Love Will Find a Way" (Count I); (2) copyright infringement (Count II); and (3) contributory copyright infringement (Count III). *See generally* SAC. Mitchell brings all claims against all Defendants: Carl Cox, Paul Oakenfold, Perfecto Records, BMG Limited UK, Sony Music Entertainment/RCA Records, Career - BMG, Joel Thomas Zimmerman, a/k/a Deadmau5, Mau5Trap Records, CR2 Records, Massimo Baudo, Martin Lascell, Revealed Music B.V., Mark Brown, Big Instrumental Publishing, Robert de Corupt p/k/a Hardwell, Job Smeltzer p/k/a La Fuente, Virgin Records, Full Colour Records, Universal Music Group. The Perfecto Defendants now move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6). Mot. Dismiss.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

3

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

The Perfecto Defendants advance four bases for dismissal.[3] First, Mitchell's claims are barred by the applicable statutes of limitations. Mot. Dismiss at 4–5. Second, Mitchell engages in impermissible group pleading. *Id.* at 6–7. Third, Mitchell's declaratory judgment claim is duplicative of his copyright infringement claims. *Id.* at 7. Fourth and finally, Mitchell seeks remedies that are not available under the Copyright Act. *Id.* at 7. The Court addresses each argument in turn, as necessary, starting with the declaratory judgment claim.

### I. Declaratory Judgement

In Count I, Mitchell asserts a claim for declaratory judgment. SAC ¶¶ 58–67. The Perfecto Defendants argue that this claim is not only duplicative of his copyright claims, but because it is based on fraud, it must, but fails to, comply with the requirements of Federal Rule of Civil Procedure 9(b). Mot. Dismiss at 7. In Response, Mitchell initially withdraws Count I, for declaratory judgment. R. 93, Resp. at 4. But later in his Response, Mitchell argues that Defendants' arguments for dismissal of Count I are misplaced. *Id.* at 11–12. He can't have it both ways. Based on the representation in his Response, the Court considers Count I for declaratory judgment to be withdrawn and accordingly dismisses Count I. The Court turns to the Perfecto Defendants' statute of limitations argument.

---

[3]The Court has subject matter jurisdiction over Mitchell's copyright infringement claims and related declaratory judgment claim pursuant to 28 U.S.C. §§ 1331 and 1338.

4

## II. Statute of Limitations

The statute of limitations is an affirmative defense, and "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (cleaned up).[4] Because a statute of limitations defense is an affirmative defense, courts only grant a motion to dismiss based on a statute of limitations defense "where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (cleaned up). "In other words, the plaintiff must affirmatively plead himself out of court; the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (cleaned up). "Indeed, the Seventh Circuit has noted that dismissal under Rule 12(b)(6) on the basis of the statute of limitations is 'irregular,' because the defendant bears the burden of proof on that defense." *Richardson v. Kharbouch*, 2020 WL 1445629, at *6 (N.D. Ill. Mar. 25, 2020) (citing *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). It is with these principles in mind that the Court addresses the Perfecto Defendants' timeliness argument.

In Count II, Mitchell asserts a cause of action for willful direct copyright infringement, in which he alleges that he is the owner of the copyright for "Love Will

---

[4] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Find a Way" and Defendants infringed on his copyright by distributing, selling and/or licensing physical and digital copies of the "Love Will Find a Way" without Mitchell's authorization or consent. SAC ¶¶ 72–74. Similarly, in Count III, Mitchell asserts a cause of action for contributory copyright infringement, in which he alleges he owns the copyrights for the composition and sound recording of "Love Will Find a Way" and Defendants Universal Music Group, Virgin Records "induced, caused, participated in, aided and abetted and/or materially contributed to the infringing conduct by Defendants Perfecto, Mau5Trap Records and CR2 Records."[5] *Id.* ¶¶ 83–85.

To state a cause of action for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Janky v. Lake Cnty. Convention and Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009). The Copyright Act provides that no civil action may be maintained unless it is commenced within three years of the date the claim accrued. 17 U.S.C. § 507(b). The Seventh Circuit "recognizes a discovery rule in copyright cases." *Chi. Bldg. Design, P.C.* 770 F.3d at 614. That is, the "copyright statute of

---

[5] Mitchell does not specifically name the Perfecto Defendants in Count III. *See* SAC ¶¶ 81–90. Therefore, understandably, the Perfecto Defendants move to dismiss only Counts I and II in the motion to dismiss. *See* Mot. Dismiss. In his Response, however, Mitchell states that he brings his claim for contributory infringement "as to all Defendants." Resp. at 4. As stated above, under the notice pleading standard, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). As pled, Count III, which names specific Defendants' alleged acts of contributory infringement, is silent as to the Perfecto Defendants' alleged wrongdoing related to contributory infringement and thus must be dismissed against them. And, as discussed above, the copyright infringement allegations *against the Perfecto Defendants*, expired in 2014. The Court does not opine at this time as to the timeliness of Mitchell's claims against the remaining Defendants.

6

limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Id*. (cleaned up).

The Perfecto Defendants argue that Mitchell's copyright claim is barred by the statute of limitations. Mot. Dismiss at 4. The SAC, note the Perfecto Defendants, alleges that the Perfecto Defendants released the allegedly infringing song in 1991. The SAC, according to the Perfecto Defendants, contains no allegations of infringement by the Perfecto Defendants within the three-year look back period preceding the filing of the complaint on January 24, 2024. Mot. Dismiss at 5. In fact, assert the Perfecto Defendants, the SAC alleges that Cox's license of "I Want You (Forever)," the allegedly infringing song, to the Perfecto Defendants ended no later than 2008. *Id*. Since there are no allegations that suggest that the Perfecto Defendants continued to infringe "Love Will Find a Way" after 2008, Mitchell's claims against the Perfecto Defendants expired, at best, three years later in 2011. *Id*.

Mitchell counters that his copyright claims are timely based on the discovery rule. Specifically, he did not discover the ongoing infringement until June 8, 2022, and filed suit within three years of that discovery. Resp. at 6–7. Mitchell argues that "Defendants' deliberate and willful elimination and obscuring" of his credit as the "author and writer of the only existing lyric and melody on the derivative infringing recording . . . made it impossible to conduct a reasonable search for infringement." Resp. at 6. Not only does the discovery rule save his copyright infringement claims, maintains Mitchell, but so does the separate accrual rule. *Id*. at 8. Under this rule, contends Mitchell, each new infringing act gives rise to a new claim, subject to its

7

own three-year statute of limitations. *Id.* In support, Mitchell submits his Declaration in which he states that he filed his copyright registration in 2023 for "Love Will Find a Way" following his discovery in 2022 of ongoing infringement. Resp., Exh. A, Mitchell Decl.

In Reply, the Perfecto Defendants argue that Mitchell cannot use the discovery rule because, by his own declaration, he was aware in 2011 that Cox sampled his sound recording and lyrics from "Love Will Find a Way" in his derivative work initially released in 1991 on Perfecto Records. R. 94, Reply at 3. Therefore, reason the Perfecto Defendants, 2011 is the latest possible accrual date for any claim against the Perfecto Defendants and "those claims expired in 2014." *Id.* In short, the Perfecto Defendants maintain that the discovery rule does not save Mitchell's claims. Same goes for the separate accrual rule. The Perfecto Defendants contend that the SAC does not identify a "single remix, re-release, or derivative work allegedly distributed by the Perfecto Defendants within the limitations period." Reply at 4. In fact, assert the Perfecto Defendants, Mitchell fails to allege any infringing acts by the Perfecto Defendants after 2008. *Id.* Last, the Perfecto Defendants posit that even if 2022 was the discovery point for Mitchell's claims, Mitchell unreasonably delayed his investigation of the Perfecto Defendants' alleged infringement after he was aware of their alleged use of the Cox sample. Reply at 5. The Perfecto Defendant note that if a plaintiff has "'reliable evidence' of a copyright violation, then he has 'a duty of diligence in pursing that evidence and any resulting claim.'" *Id.* (quoting *Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983)). A reasonable person, according to the

8

Perfecto Defendants, would have investigated potential infringement before a decade passed. *Id*.

Before addressing the merits of the Perfecto Defendants' arguments, the Court must tackle a preliminary matter, which neither party addressed. As noted above, Mitchell, in support of his response, submits his declaration. Mitchell Decl. "Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6), a district court is limited to the allegations in the complaint." *Fin. Fiduciaries, LLC v. Gannett Co.,* 46 F. 4th 654, 663 (7th Cir. 2022). As the Seventh Circuit has explained, if a court considers matters outside the pleadings, then the motion must be treated as one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). But, as with most rules, there are exceptions. "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Mueller v. Apple Leisure Corp.,* 880 F.3d 890, 895 (7th Cir. 2018). This exception is inapplicable, however, as the declaration was not attached to the motion to dismiss. Even "when a document is not mentioned in the complaint, a court may consider it on a motion to dismiss if it is integral to the complaint." *Johnson v. Darren Findling L. Firm, PLC*, 2023 WL 5289338, at *6 (N.D. Ill. Aug. 17, 2023) (citing *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 881 (7th Cir. 2022)). But this exception is equally inapplicable as the declaration is not integral to the complaint. Courts, however, may consider new factual allegations raised in a response brief, so long as they are consistent with the complaint. *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439 (7th Cir. 1994); *see also Heng v. Heavner,*

9

*Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) ("Materials or elaborations in [plaintiff's] brief opposing dismissal may be considered, so long as those materials or elaborations are consistent with the pleadings."). The allegations in the declaration are not inconsistent with the SAC. Therefore, the Court may consider the declaration.

Mitchell alleges in the SAC that "[a]t various times during the period prior to the commencement of this action, Defendants, individually and/or collectively, copied and reproduced significant portions of the Infringed Works without authorization." SAC ¶ 72. Admittedly, the SAC contains very few details regarding when Mitchell discovered the alleged infringement. Thus, on the face of the SAC, the Court cannot find that Mitchell has pled himself out of court. In his declaration, however, Mitchell states that:

> In 2011, I discovered Carl Cox sampled my sound recording and lyrics from "Love Will Find A Way" in his derivative work, "I Want You (Forever)," initially released in 1991 on Perfecto Records. I directly contacted Carl Cox and Paul Oakenfold.

Mitchell Decl. at 1. Mitchell also states that he was not aware of the infringement until June 2022 when he received a royalty statement from Defendant Cr2 Records for a record release by Cox. *Id.* at 2.

Under the discovery rule, "the copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." *Chi. Bldg. Design, P.C.*, 770 F.3d at 614 (cleaned up). As the Seventh Circuit explained in *Chi. Bldg. Design*, "the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit

10

was filed." *Id.* at 616. Here, Mitchell states that he learned of the infringement in 2011. Mitchell Decl. at 1. Yet, he waited until 2024 to file his complaint. The Court agrees with the Perfecto Defendants that Mitchell knew as early as 2011 that the Perfecto Defendants had infringed on his copyright. In other words, pursuant to the discovery rule, Mitchell's copyright claims started to accrue the day he learned, or should have learned as a reasonable person, that the Perfecto Defendants were violating his rights. Here, that was in 2011, more than three years before he filed his complaint. Therefore, the discovery rule does not save his claims. That leaves the separate accrual rule.

> Under the separate accrual rule:
>
> When a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete claim that accrues at the time the wrong occurs. In short, each infringing act starts a new limitations period.

*Chi. Bldg. Design, P.C.*, 770 F.3d at 614 (cleaned up).

Mitchell argues that the separate accrual rule permits inclusion of new claims. Resp. at 8. But as the Perfecto Defendants correctly point out, the SAC fails to identify any infringing act by the Perfecto Defendants after 2008. Mot. Dismiss at 4; Reply at 4. This omission is fatal to Mitchell's contention.

The Court agrees with the Perfecto Defendants that *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024), cited by Mitchell, is inapposite. Reply at 4. In *Warner Chappell*, the Supreme Court held that "a copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the

11

infringement occurred." 601 U.S. at 372. The Supreme Court assumed, however, without definitively finding, that the plaintiff had appropriately invoked the discovery rule to bring claims for infringing acts occurring more than three years before he filed suit, as he could not reasonably have discovered the alleged infringement due to his prison sentence. *Id.* at 370–371. Therefore, the plaintiff had a timely claim for infringement on which to seek damages, even if some of those damages were premised on infringement outside the limitations period.

Here, for the reasons discussed above, the Court finds that, because Mitchell knew or reasonably should have known about the Perfecto Defendants' alleged infringement in 2011, and alleges no infringing acts by the Perfecto Defendants within the three years before he initiated this action, Mitchell's copyright infringement claim against the Perfecto Defendants is beyond the statute of limitations.[6]

## Conclusion

For the foregoing reasons, the Court grants the Perfecto Defendants' motion to dismiss [88]. All claims against the Perfect Defendants are dismissed and Paul Oakenfold and Perfecto Records are terminated as defendants in this action. The dismissal is with prejudice, as the SAC is Mitchell's third pleading attempt. *Bank of*

---

[6]Because the Court finds that Mitchell has withdrawn his declaratory judgment claim, and that Count II is time-barred, the Court need not address the Perfecto Defendants' remaining arguments for dismissal.

12

*Am.*, 725 F.3d at 819 (7th Cir. 2013) ("[I]n court, as in baseball, three strikes and you're out.").

Dated: March 9, 2026

                                      United States District Judge
                                      Franklin U. Valderrama

13