## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| VICTOR PARRIS MITCHELL p/k/a Victor Romeo,<br><br>        Plaintiff,<br><br>        -against-<br><br>CARL COX, PAUL OAKENFOLD, PERFECTO RECORDS, BMG, SONY MUSIC ENTERTAINMENT RCA RECORDS, CONCORD PUB., MARTIN LASCELL, JOEL THOMAS ZIMMERMAN p/k/a DEADMAU5, MAU5TRAP RECORDS, MARK BROWN, CR2 RECORDS LTD, RECORDS, FULL COLOUR RECORDS, REVEALED MUSIC B.V., BIG INSTRUMENTAL PUB, MASSIMO BAUDO JOB SMELTZER p/k/a LA FUNTE ROBERT VAN DE CORUPT p/k/a HARDWELL, VIRGIN, UNIVERSAL MUSIC GROUP.,<br><br>        Defendants. | Civil Action No. 1:24-cv-00496<br><br>Honorable Franklin U. Valderama |

## DEFENDANT CONCORD MUSIC PUBLISHING LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND ...................................................................................................................1

    A. Factual Allegations ...................................................................................................1

    B. Pleadings ...................................................................................................................2

    C. Service........................................................................................................................2

III. LEGAL STANDARD............................................................................................................3

    A. Personal Jurisdiction (Rule 12(b)(2))........................................................................3

    B. Service of Process (Rule 12(b)(5)) ...........................................................................4

    C. Failure to State a Claim (Rule 12(b)(6)) ...................................................................4

IV. ARGUMENT.........................................................................................................................5

    A. The Complaint Should be Dismissed For Lack of Personal Jurisdiction ................5

        1. Mitchell Has Not Established General Jurisdiction Over Concord .............5

        2. Mitchell Has Not Established Specific Jurisdiction Over Concord.............6

    B. The Complaint Should be Dismissed Because Mitchell Has Not
Demonstrated Proper Service on Concord..................................................................7

    C. The Second Amended Complaint Fails to State a Claim against Concord..............8

        1. The Second Amended Complaint Fails to State a Claim for Direct
Copyright Infringement (Count II) .............................................................9

        2. The Second Amended Complaint Fails to State a Claim for
Declaratory Judgment of Copyright Invalidity (Count I) .........................11

        3. The Second Amended Complaint Fails to State a Claim for
Contributory Infringement (Count III)......................................................13

    D. Dismissal Should be Without Leave to Amend.....................................................13

V. CONCLUSION.....................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A,*
192 F. Supp. 3d 924 (N.D. Ill. 2016) ........................................................................7

*Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC,*
No. 23 C 3363, 2024 WL 2801651 (N.D. Ill. May 31, 2024) ...................................7

*Ambrosetti v. Oregon Cath. Press,*
458 F. Supp. 3d 1013 (N.D. Ind. 2020) ...................................................................12

*Art of Design, Inc. v. Pontoon Boat, LLC,*
No. 3:16-CV-595 JD, 2017 WL 3608219 (N.D. Ind. Aug. 22, 2017) ......................10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..............................................................................................4, 5

*Bank of Montreal v. McKenzie Methane Corp.,*
No. 93 C 3610, 1993 WL 420985 (N.D. Ill. Oct. 18, 1993) ......................................5

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 554 (2007)..................................................................................................4

*Bell v. Taylor,*
827 F.3d 699 (7th Cir. 2016) ..................................................................................12

*Bridgeport Music, Inc. v. DJ Yella Muzick,*
99 F. App'x 686 (6th Cir. 2004) ..............................................................................10

*Brooks v. Ross,*
578 F.3d 574 (7th Cir. 2009) ....................................................................................9

*Camasta v. J.A. Bank Clothiers, Inc.,*
761 F.3d 732 (7th Cir. 2014) ..................................................................................11

*Cardenas v. City of Chicago,*
646 F.3d 1001 (7th Cir. 2011) ..................................................................................4

*Cox Commc'ns, Inc. v. Sony Music Ent.,*
607 U.S. ___, 146 S. Ct. 959 (2026)........................................................................13

*Daimler AG v. Bauman,*
571 U.S. 117 (2014)..................................................................................................6

ii

*Design Basics, LLC v. WK Olson Architects, Inc.*,
No. 17 C 7432, 2018 WL 3629309 (N.D. Ill. July 31, 2018) ...................................................10

*Gensler v. Strabala*,
764 F.3d 735 (7th Cir. 2014) .................................................................................................9

*Hart v. Amazon.com, Inc.*,
2015 WL 8489973 (N.D. Ill. Dec. 8, 2015) ...........................................................................10

*Hayden v. 2K Games, Inc.*,
375 F. Supp. 3d 823 (N.D. Ohio 2019)...................................................................................12

*Heard v. Jenkins*,
No. 1:21-CV-01374, 2022 WL 4482765 (N.D. Ill. Sept. 27, 2022) .........................................7

*Heard v. Trax Recs., Inc.*,
No. 20-CV-03678, 2021 WL 3077668 (N.D. Ill. July 21, 2021).............................................11

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
No. 24-889, 608 U.S. ___, 2026 WL 1593307 (June 4, 2026) ...............................................13

*Hong Kong Leyuzhen Tech. Co. Ltd. v. Floerns*,
798 F. Supp. 3d 869 (N.D. Ill. 2025) .....................................................................................12

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)...............................................................................................................4

*J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*,
965 F.3d 571 (7th Cir. 2020) .................................................................................................6

*Janecyk v. Eggland's Best, Inc.*,
No. 24-CV-06222, 2026 WL 562066 (N.D. Ill. Feb. 27, 2026) .............................................11

*Johnson v. Cypress Hill*,
641 F.3d 867 (7th Cir. 2011) .................................................................................................10

*Kipp v. Ski Enter. Corp.*,
783 F.3d 695 (7th Cir. 2015) .................................................................................................6

*Lawrence v. Trax Recs., Inc.*,
No. 22 C 5660, 2025 WL 919616 (N.D. Ill. Mar. 26, 2025) .............................................12, 13

*Lintzeris v. City of Chicago*,
276 F. Supp. 3d 845 (N.D. Ill. 2017) ......................................................................................5

*Lockhart v. HSBC Fin. Corp.*,
No. 13 C 9323, 2015 WL 4111346 (N.D. Ill. July 8, 2015) ...................................................4

*Martin v. USA Wireless AT&T*,
765 F. Supp. 3d 756 (S.D. Ill. 2025) ...................................................................................9

*Matlin v. Spin Master Corp.*,
921 F.3d 701 (7th Cir. 2019) ..............................................................................................6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ...........................................................................................................12

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) ...........................................................................................................13

*Mold-A-Rama Inc. v. Collector-Concierge-Int'l*,
451 F. Supp. 3d 881 (N.D. Ill. 2020) ...............................................................................3, 5

*Nowlin v. Pritzker*,
34 F.4th 629 (7th Cir. 2022) .............................................................................................13

*O.T. Pickell Builders, Inc. v. Witowski*,
No. 96 C 4233, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998) ............................................11

*Peters v. West*,
692 F.3d 629 (7th Cir. 2012) ............................................................................................10

*Recht v. Metro Goldwyn Mayer Studio, Inc.*,
580 F. Supp. 2d 775 (W.D. Wis. 2008) ..............................................................................9

*Santora v. Starwood Hotel & Resorts Worldwide, Inc.*,
580 F. Supp. 2d 694 (N.D. Ill. 2008) ..................................................................................3

*Sloan v. Anker Innovations Ltd.*,
711 F. Supp. 3d 946 (N.D. Ill. 2024) ................................................................................11

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) .............................................................................................................9

*Tamburo v. Dworkin*,
601 F.3d 693 (7th Cir. 2010) ......................................................................................3, 4, 6

*United Airlines, Inc. v. Zaman*,
152 F. Supp. 3d 1041 (N.D. Ill. 2015) ................................................................................3

*Valley Ent., Inc. v. Friesen*,
691 F. Supp. 2d 821 (N.D. Ill. 2010) ................................................................................10

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) ..............................................................................................11

**Statutes**

735 ILCS 5/2-209(c) ........................................................................................................3, 5

17 U.S.C. § 106...................................................................................................................9

17 U.S.C. § 501(a) .............................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 4.............................................................................................................4, 8

Fed. R. Civ. P. 9..............................................................................................................11

Fed. R. Civ. P. 12....................................................................................................3, 4, 7, 8

Defendant Concord Music Publishing LLC ("Concord"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), respectfully moves to dismiss Victor Paris Mitchell's ("Mitchell") Second Amended Complaint.

## I.      INTRODUCTION

This case has been pending for more than two years. Mitchell has already amended the complaint twice to address prior infirmities, and the operative pleading remains woefully deficient. Most tellingly, his allegations fail to connect Concord to any actionable conduct, much less a basis for jurisdiction arising from such conduct. Instead, the complaint relies on generalized conclusory allegations about the defendants as a group, leaving the basis for Mitchell's claims against Concord an utter mystery. Beyond these substantive deficiencies, Mitchell unreasonably delayed in serving process on Concord and, even with the Court's generous extension, still failed to comply. Mitchell's drag on this Court's time and attention and that of the parties must stop.

There are numerous reasons to dismiss Mitchell's claims as to Concord, including failure to establish personal jurisdiction, proper service, or to state a claim. The pleadings themselves, which have already been amended twice, amply show that no further amendment could cure these deficiencies.

For the reasons stated herein, the Court should dismiss Mitchell's claims against Concord without leave to amend.

## II.      BACKGROUND

### A.      Factual Allegations

Plaintiff Victor Mitchell's Second Amended Complaint alleges that Mitchell created the song "Love Will Find A Way," which was released in November 1988 by Dance Mania Records. Dkt. 47 ("Second Amended Complaint" or "2AC") ¶ 6. He registered the composition and sound recording some thirty-four years later in January 2023. *Id*. ¶ 1. Mitchell claims that defendant Carl

Cox, among others, sampled a portion of the sound recording of "Love Will Find A Way" in his own 1991 work "I Want You (Forever)" and further alleges that various defendants created multiple remixes and versions of the 1991 song. *Id.* ¶¶ 28, 30, 33, 52.

### B. Pleadings

The Second Amended Complaint does not allege that Concord had any particular role in creating any of the accused songs. Rather, it alleges that Concord has collected royalties on behalf of Cox for "I Want You (Forever)" and claimed an interest in the song. *Id.* ¶ 29.

Mitchell filed this lawsuit in January 2024 against several defendants, but not Concord. Dkt. 1. Mitchell then sought and received leave to amend the complaint in September 2024. Dkts. 27, 29. Mitchell again sought and received leave to amend, and filed the Second Amended Complaint, which is the operative pleading, on May 2, 2025. Dkt. 47. In both the first and second amended pleading, Concord is identified as "Concord Publishing." Dkts. 29, 47.

Mitchell asserts claims for a declaratory judgment of the invalidity of defendants' registrations for the infringing works—fraud on the copyright office (Count I)—and willful copyright infringement (Count II) against Concord.[1] Dkt. 47 ¶¶ 50–57.

### C. Service

On April 8, 2026, Mitchell filed a status report that contended that "Concord Music Publishing" had been served. Dkt. 108 at 2. The next day, a minute order noted that no summons had been filed reflecting service on Concord and ordered it to be filed by April 13. Dkt. 109. On April 13, Mitchell filed a summons purporting to show service by mail effected on "Concord Publishing" on June 9, 2025. Dkt. 111 (the docket entry incorrectly states the summons as to

---

[1] Mitchell's claim for contributory copyright infringement (Count III) is neither directed to Concord nor to "All Defendants.". *See* 2AC ¶¶ 81–90. In any case, Mitchell has failed to state such a claim as to Concord. *See* Section IV.C.3, *infra*.

"Concord Pub" was returned executed on January 16, 2025, while the filed document is dated June 9, 2025). The Court determined that service was ineffective and gave Mitchell one further opportunity to effect proper service "on or before April 21, 2026." April 21, 2026. Dkt. 114.

On April 21, Mitchell filed what he purported to be evidence of proper service on Concord. Dkt. 117. But the filing duplicated Mitchell's proof of ineffective service by mail. *Compare* Dkt. 117 *with* Dkt. 111.

*    *    *

On May 14, 2026, this Court granted Concord's unopposed motion to extend time to respond to the Second Amended Complaint. Dkt. 126. This timely motion to dismiss under Rules 12(b)(2), (5), and (6) followed.

## III.    LEGAL STANDARD

### A.    Personal Jurisdiction (Rule 12(b)(2))

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman,* 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015). The plaintiff bears the burden of establishing that personal jurisdiction exists. *Id*. "A two-part inquiry must be made in determining if an Illinois court can exercise personal jurisdiction over a nonresident defendant: (1) whether Illinois' long-arm statute permits *in personam* jurisdiction and (2) whether the assertion of jurisdiction under the long-arm statute would be inconsistent with due process." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 697–98 (N.D. Ill. 2008). Illinois's "long-arm statute allows for the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 889 (N.D. Ill. 2020) (discussing 735 ILCS 5/2-209(c)). So the two prongs merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700–01 (7th Cir. 2010). That requires that the defendant has "sufficient 'minimum contacts' with

3

Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

### B.  Service of Process (Rule 12(b)(5))

After filing a lawsuit, a Plaintiff must "ensure that each defendant receives a summons and a copy of the complaint against it." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (discussing Fed. R. Civ. P. 4(b), (c)(1)). "[B]oth federal and Illinois law require the plaintiff to 'deliver' the summons to, or 'leave' it with, a general agent of the corporation or the corporation's registered agent for service of process. Mailing the summons is insufficient." *Lockhart v. HSBC Fin. Corp.*, No. 13 C 9323, 2015 WL 4111346, at *2 (N.D. Ill. July 8, 2015). Rule 12(b)(5) of Federal Civil Procedure allows a defendant to seek to enforce service of process requirements, and the plaintiff bears the burden to "demonstrate that the district court has jurisdiction over each defendant through effective service." *Id.* at 1005. "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Id.* (discussing Fed. R. Civ. P. 4(m)).

### C.  Failure to State a Claim (Rule 12(b)(6))

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are generally not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4

statements, do not suffice." *Id*. "[A] court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but need not accept legal conclusions or conclusory allegations." *Lintzeris v. City of Chicago*, 276 F. Supp. 3d 845, 847 (N.D. Ill. 2017).

## IV.    ARGUMENT

### A.    The Complaint Should be Dismissed For Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over Concord. To exercise personal jurisdiction, a plaintiff must plead facts that satisfy both Illinois's long-arm statute and the requirements of federal due process. *Mold-A-Rama Inc.*, 451 F. Supp. 3d at 889 (discussing 735 ILCS 5/2-209(c)); *see also Bank of Montreal v. McKenzie Methane Corp.*, No. 93 C 3610, 1993 WL 420985, at *5 (N.D. Ill. Oct. 18, 1993) ("In addition to the due process clause of the Fourteenth Amendment, the Plaintiff must allege sufficient facts to allow this Court to assert personal jurisdiction over the Defendant pursuant to the Illinois Constitution's Due Process Clause."). Due process requires that a defendant have sufficient "minimum contacts" with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Id*. at 889. Those contacts must demonstrate that the defendant purposefully availed itself of the privilege of conducting activities in the forum. *Id*.

Personal jurisdiction takes two forms: general jurisdiction and specific jurisdiction. As set forth below, Plaintiff has not alleged facts sufficient to establish either form of jurisdiction over Concord.

### 1.    Mitchell Has Not Established General Jurisdiction Over Concord

While Mitchell gestures at general jurisdiction with a sweeping statement that all defendants are subject to personal jurisdiction because they "conduct business continuously and systematically in Illinois" through the manufacture, distribution, and licensing of copyrighted works, he offers no factual allegations to support that conclusion as to Concord. 2AC ¶ 3. He could

not. General jurisdiction is established where the defendant has contacts so "'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). In the case of corporate defendants, general jurisdiction typically only exists where a corporation is incorporation or has its principal place of business. *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015); *Daimler AG*, 571 U.S. at 139, n.20 (2014) ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Concord is a Delaware limited liability company, and, as Mitchell himself points out, has its principal place of business in Nashville, Tennessee. Declaration of Jeffrey Allen ("Allen Decl.") ¶¶ 3–4; 2AC ¶ 16 (alleging Concord is headquartered in Nashville, TN). Concord is not "at home" in Illinois; this Court cannot exercise general jurisdiction over Concord.

### 2. Mitchell Has Not Established Specific Jurisdiction Over Concord

Mitchell similarly generally alleges that the defendants generally place infringing products "into the stream of commerce with the expectation that such products would be delivered to and viewed by consumers within the State of Illinois and within this District." 2AC ¶ 4. Again, he offers no factual allegations specific to Concord. Mitchell therefore fails to establish personal jurisdiction over Concord.

A court can exercise specific personal jurisdiction "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705–06 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)).

To establish personal jurisdiction on a "stream of commerce" theory, as Mitchell attempts here, a plaintiff must show not only that sales causing the injury occurred in the forum state but that the defendant "t[ook] steps to reach consumers" in that state. *J.S.T. Corp. v. Foxconn*

6

*Interconnect Tech. Ltd.*, 965 F.3d 571, 576 (7th Cir. 2020). The mere allegation that an infringing song is available for purchase (or downloading or streaming) in a forum is insufficient to meet this standard, without allegations that the defendant "somehow targets" the forum market. *Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*, No. 23 C 3363, 2024 WL 2801651, at *3 (N.D. Ill. May 31, 2024); *see also Heard v. Jenkins*, No. 1:21-CV-01374, 2022 WL 4482765, at *4 (N.D. Ill. Sept. 27, 2022) ("The fact that these services can be streamed in Illinois is insufficient by itself."); *Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 933 (N.D. Ill. 2016) (finding lack of personal jurisdiction where plaintiffs "provided no facts to show that any of the defendants named in the complaint aimed any action at Illinois").

Here, Mitchell has not alleged that Concord has taken any actions in or directed at Illinois at all, much less any that can be connected to Plaintiffs' claims. Indeed, as discussed below, Mitchell has failed to plead any infringing actions *whatsoever* by Concord. Instead, he makes broad assertions of personal jurisdiction against all defendants that lack sufficient detail to establish jurisdiction, as this Court has previously held in dismissing claims against Sony Music Entertainment for this very error. 2AC ¶ 4; Dkt. 100 ("the Court grants Sony Music Entertainment's motion to dismiss for lack of personal jurisdiction."); *see also* Dkt. 76 (Sony's motion to dismiss). Mitchell has therefore failed to establish that this Court can exercise personal jurisdiction over Concord, and his claims should be dismissed under Rule 12(b)(2).

B.     **The Complaint Should be Dismissed Because Mitchell Has Not Demonstrated Proper Service on Concord**

Mitchell has not met his burden to demonstrate proper service of process. Mitchell has previously purported to serve Concord via mail, in contravention of applicable state law, which

7

this Court squarely rejected sua sponte. Dkt. 114. This Court gave Mitchell another chance to complete and file proof of proper service by April 21, 2026. *Id.*

Mitchell did not comply. Instead, the "Summons Returned Executed" he filed on April 21, 2026 duplicated the same June 9, 2025 service-by-mail attempt this Court had already found deficient. Dkt. 117. This deficient filing has not relieved Mitchell of his now long-delinquent obligation to demonstrate that such service complied with Rule 4, which the Court required remedying to avoid dismissal. Dkt. 114. Mitchell's delay, disregard for this Court's orders, and disregard for proper court procedure must stop. Dismissal under Rule 12(b)(5) is warranted.

### C. The Second Amended Complaint Fails to State a Claim against Concord

Mitchell's Second Amended Complaint asserts three claims but fails to state a viable claim against Concord. Count I is for declaratory judgment of invalidity of "various Copyright Registrations for works that infringed" on Mitchell's copyrights. 2AC ¶¶ 58–67. Count II is for direct copyright infringement. 2AC ¶¶ 68–80. Count III is for contributory copyright infringement. 2AC ¶¶ 81–90. The complaint does not reference Concord at all in the allegations laying out the bases for each count but rather refers generally to "Defendants" or to other named defendants. 2AC ¶¶ 58–90.

Mitchell's sole substantive allegation regarding Concord appears directed towards direct copyright infringement (Count II). *See* 2AC ¶ 29. That allegation is reproduced in its entirety below:

> Concord Publishing has collected worldwide royalties on behalf of Carl Cox plagiarized works of plaintiff "Love Will Find A Way", that the defendant titled "I Want You (Forever)". Concord Publishing along with BMG claims on said works are an infringement on Plaintiff's copyright work titled "Love Will Find A Way." Concord Publishing's client Carl Cox has been put on notice via email since 2011 regarding the infringement. To this date Concord continues to register as the publisher along with Defendant

Carl Cox as writer of his works "I Want You (Forever)" through societies worldwide.

2AC ¶ 29.

As discussed below, that factual allegation cannot support a claim against Concord for *any* of Mitchell's claims, beginning with Count II. (To the extent Mitchell intends other factual allegations to be attributed to Concord, the complaint "does not adequately connect" Concord to specific acts giving rise to the claims. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).)

**1.    The Second Amended Complaint Fails to State a Claim for Direct Copyright Infringement (Count II)**

Mitchell's complaint has not alleged that Concord has committed an act of infringement, so Count II must be dismissed as to Concord. To state a claim for copyright infringement, a plaintiff must show that the defendant violated one of the exclusive rights of a copyright holder. 17 U.S.C. § 106; 17 U.S.C. § 501(a); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 447 (1984). Mitchell alleges that Concord collected royalties, claimed ownership, and registered as a publisher of Cox's "I Want You (Forever)." 2AC ¶ 29. But none of those activities is an exclusive right of a copyright holder. 17 U.S.C. § 106; 17 U.S.C. § 501(a); *Sony Corp. of Am.*, 464 U.S. at 447; *Recht v. Metro Goldwyn Mayer Studio, Inc.*, 580 F. Supp. 2d 775, 784 (W.D. Wis. 2008) ("To the extent petitioner also believes that 'the collection of royalties' could be a separate cause of action for copyright infringement, he is wrong; collection of royalties is not a form of 'copying.'"); *see also Gensler v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014) ("A false claim of authorship, without the making of copies . . . is outside the scope of copyright law."). Mitchell's bare assertion that Concord's "claims on said works are an infringement" is a legal conclusion that is not entitled to the presumption of truth on a motion to dismiss. 2AC ¶ 29; *Martin v. USA Wireless AT&T*, 765 F. Supp. 3d 756, 761 (S.D. Ill. 2025) ("merely us[ing] the word 'copyright infringement'" without factual allegations in support demonstrating copying fail to state

9

a claim). Mitchell has not, therefore, supplied a factual basis for a claim of infringement against Concord. The claim must be dismissed.

Nor *could* Mitchell state such a claim against Concord. As the Second Amended Complaint acknowledges, Concord is included in this case for its role as a *publisher*, not a record label. 2AC ¶¶ 16, 29. That means Concord's interest in Carl Cox's "I Want You (Forever)" pertains to the written composition—the written sheet music and lyrics—not the sound recording. *Johnson v. Cypress Hill*, 641 F.3d 867, 870 n.5 (7th Cir. 2011); *Valley Ent., Inc. v. Friesen*, 691 F. Supp. 2d 821, 824 (N.D. Ill. 2010); *see also Bridgeport Music, Inc. v. DJ Yella Muzick*, 99 F. App'x 686, 688 (6th Cir. 2004) (noting music publisher's business involved holding copyrights in compositions). Yet, Mitchell offers no allegations whatsoever explaining how Cox's *composition* "share[ed] enough unique features" with any of Mitchell's works to establish copying. *Peters v. West*, 692 F.3d 629, 633–34 (7th Cir. 2012); *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2018 WL 3629309, at *3 (N.D. Ill. July 31, 2018) (faulting plaintiff for failing to offer even "representative example" of infringement); *Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595 JD, 2017 WL 3608219, at *5 (N.D. Ind. Aug. 22, 2017) (dismissing copyright infringement claim for lack of alleged "description of how [d]efendant's work infringes"); *Hart v. Amazon.com, Inc.*, 2015 WL 8489973 at *4 (N.D. Ill. Dec. 8, 2015).[2]

Mitchell has therefore failed to state a claim against Concord for direct copyright infringement.

---

[2] To be clear, incorporating an unlicensed sample from a sound recording could implicate both distinct copyrights in the sound recording and in its underlying composition. *Bridgeport Music,* 99 F. App'x at 688.

**2.** **The Second Amended Complaint Fails to State a Claim for Declaratory Judgment of Copyright Invalidity (Count I)**

Count I seeks declaratory judgment of invalidity for the "copyright registrations Defendants obtained through fraud on the Copyright Office." 2AC ¶ 67. This claim is inadequate on its face: Mitchell does not even identify a purportedly fraudulently obtained registration, much less one Concord had any alleged role in. For that reason and numerous others, Mitchell's Count I must be dismissed.

To state this claim, Mitchell must allege that Concord knowingly failed to disclose information in a copyright application with intent to defraud the Copyright Office and that the Copyright Office would likely have denied registration had it been aware of the undisclosed information. *Heard v. Trax Recs., Inc.*, No. 20-CV-03678, 2021 WL 3077668, at *3 (N.D. Ill. July 21, 2021); *O.T. Pickell Builders, Inc. v. Witowski*, No. 96 C 4233, 1998 WL 664949, at *5–*6 (N.D. Ill. Sept. 16, 1998). Such allegations must be pled with particularity under the heightened pleading standard for claims sounding in fraud under Rule 9(b). *Heard*, 2021 WL 3077668, at *3; *O.T. Pickell*, 1998 WL 664949, at *5–*6. Count I should be dismissed because Mitchell has not met that standard.

Rule 9(b) requires more than merely describing the basic parameters of the accused conduct, including alleging the "who, what, when, where, and how" of the alleged fraudulent scheme. *Janecyk v. Eggland's Best, Inc.*, No. 24-CV-06222, 2026 WL 562066, at *4 (N.D. Ill. Feb. 27, 2026) (quoting *Camasta v. J.A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)). In cases involving multiple defendants, as here, it is particularly important to "inform each defendant of the nature of [accused] participation in the fraud." *Sloan v. Anker Innovations Ltd.*, 711 F. Supp. 3d 946, 956 (N.D. Ill. 2024) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)).

11

The Second Amended Complaint fails to meet this threshold. The complaint does not identify any specific registration purportedly procured by fraud, much less particularized statements of Concord's role in that procurement. (In fact, *there is no US registration* for Carl Cox's "I Want You (Forever)." Allen Decl. ¶ 5.[3]) These vague allegations cannot sustain a claim. *Lawrence v. Trax Recs., Inc.*, No. 22 C 5660, 2025 WL 919616, at *6 (N.D. Ill. Mar. 26, 2025) (dismissing claim for fraud on Copyright Office that "fail[ed] to specify which defendants allegedly engaged in fraudulent registrations, which copyrights were fraudulently registered, and how the registrations were fraudulent").

The complaint also fails to allege that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to permit the exercise of declaratory judgment jurisdiction on Count I. *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *Hong Kong Leyuzhen Tech. Co. Ltd. v. Floerns*, 798 F. Supp. 3d 869, 877 (N.D. Ill. 2025). Absent such a case or controversy, Mitchell's complaint seeks nothing more than an advisory opinion. Where, as here, the only dispute is whether Concord has infringed Mitchell's copyright, there is no definite or concrete dispute relating to the registration of *Concord's* copyrights (even if they had been identified with particularity), so there is no basis for exercising declaratory judgment jurisdiction to adjudicate ownership of it. *See Hayden v. 2K Games, Inc.*, 375 F. Supp. 3d 823 (N.D. Ohio 2019). Count I should therefore be dismissed.

---

[3] The Court can take judicial notice of the Copyright Office records, which do not list any such registration. *See Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1016 n.1 (N.D. Ind. 2020).

### 3. The Second Amended Complaint Fails to State a Claim for Contributory Infringement (Count III)

Mitchell's claim for contributory infringement (Count III) fails for many of the same reasons as the claim for direct infringement. As an initial matter, although certain allegations in Count III refer to "Defendants" generally, the bulk of the allegations relate specifically to *other* named defendants; not Concord. 2AC ¶¶ 84–87. Moreover, unlike Counts I and II, Count III is not expressly directed at "All Defendants." *Compare* 2AC at 13, 15 *with id.* at 17 (headings for each count). This leaves mysterious precisely what Concord is accused of.

The only factual allegations as to Concord in particular cannot support a claim for contributory infringement. *See* 2AC ¶ 29. Contributory infringement can only be shown with allegations the defendant took "active steps . . . to encourage direct infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. ___, 146 S. Ct. 959, 970 (2026); *see also Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 608 U.S. ___, 2026 WL 1593307, at *7 (June 4, 2026) (discussing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)). But the only conduct *Concord* is alleged to have undertaken is the *passive* conduct of receiving royalties, owning an interest, or registering as a publisher, none of which could possibly be construed as actively encouraging or contributing to infringement. *See* 2AC ¶ 29. To the extent Mitchell intended to direct Count III to Concord, he has failed to plead facts sufficient to state that claim; it should be dismissed.

### D. Dismissal Should be Without Leave to Amend

Mitchell should not be given a *third* chance to amend his complaint or comply with this Court's directives on service. Mitchell has already imposed considerable burden on the Court and the parties with woefully inadequate pleadings and procedural irregularities. Moreover, amendment would be futile. *See Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022). Mitchell's

theory of infringement concerning Concord stems from sampling a sound recording in Cox's song, yet Concord only holds rights related to Cox's composition, which plainly cannot incorporate a sound recording. Similarly, given that Cox's composition was never submitted for registration with the Copyright Office in the first place, no amendment could plausibly establish that Concord committed misconduct before the Copyright Office.

All of Mitchell's claims against Concord should therefore be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, Concord respectfully requests that the Court dismiss all claims against Concord, without leave to amend.

Dated: June 26, 2026

Respectfully submitted,

/s/ Michael Allan
Michael Allan (*pro hac vice*)
John William ("Bill") Toth (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3900
mallan@steptoe.com
btoth@steptoe.com

*Counsel for Concord Music Publishing LLC*

14

## CERTIFICATE OF SERVICE

I, Michael Allan, an attorney, hereby certify that on June 26, 2026, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: June 26, 2026

*/s/ Michael Allan*

Michael Allan