**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| VICTOR PARRIS MITCHELL p/k/a Victor Romeo,<br><br>Plaintiff,<br><br>-against-<br><br>CARL COX, PAUL OAKENFOLD, PERFECTO RECORDS, BMG, SONY MUSIC ENTERTAINMENT RCA RECORDS, CONCORD PUB., MARTIN LASCELL, JOEL THOMAS ZIMMERMAN p/k/a DEADMAU5, MAU5TRAP RECORDS, MARK BROWN, CR2 RECORDS LTD, RECORDS, FULL COLOUR RECORDS, REVEALED MUSIC B.V., BIG INSTRUMENTAL PUB, MASSIMO BAUDO JOB SMELTZER p/k/a LA FUNTE ROBERT VAN DE CORUPT p/k/a HARDWELL, VIRGIN, UNIVERSAL MUSIC GROUP.,<br><br>Defendants. | Civil Action No. 1:24-cv-00496<br><br>Honorable Franklin U. Valderrama |

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND
MEMORANDUM IN SUPPORT BY DEFENDANTS UMG RECORDINGS, INC., AND
VIRGIN MUSIC GROUP, A DIVISION OF ISOLATION NETWORKS, INC.**

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND ...................................................................................................................2

    A.    Factual Allegations ....................................................................................................2

    B.    Pleadings ....................................................................................................................3

III. LEGAL STANDARD............................................................................................................4

    A.    Personal Jurisdiction (Rule 12(b)(2))........................................................................4

    B.    Improper Joinder (Rules 20, 21) ...............................................................................4

    C.    Failure to State a Claim (Rule 12(b)(6)) ...................................................................5

IV. ARGUMENT.........................................................................................................................5

    A.    The Complaint Should be Dismissed for Lack of Personal Jurisdiction .................5

          1.    Mitchell Has Not Established General Jurisdiction Over UMG..................6

          2.    Mitchell Has Not Established Specific Jurisdiction Over UMG .................7

    B.    Mitchell's Claims Against UMG Should be Dismissed for Improper
        Joinder.......................................................................................................................8

    C.    The Second Amended Complaint Fails to State a Claim against UMG ..................9

          1.    The Second Amended Complaint Fails to State a Claim for Direct
               Copyright Infringement (Count II) ............................................................10

          2.    The Second Amended Complaint Fails to State a Claim for
               Declaratory Judgment of Copyright Invalidity (Count I) .........................12

          3.    The Second Amended Complaint Fails to State a Claim for
               Contributory Infringement (Count III)........................................................13

    D.    Dismissal Should be Without Leave to Amend.......................................................14

V. CONCLUSION....................................................................................................................15

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*,
192 F. Supp. 3d 924 (N.D. Ill. 2016) ........................................................................7

*Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*,
No. 23 C 3363, 2024 WL 2801651 (N.D. Ill. May 31, 2024) ...................................7

*Art Ask Agency v. Individuals, Corps., Ltd. Liab. Co., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-CV-06197, 2021 WL 5493226 (N.D. Ill. Nov. 23, 2021) ............................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................5

*Bank of Montreal v. McKenzie Methane Corp.*,
No. 93 C 3610, 1993 WL 420985 (N.D. Ill. Oct. 18, 1993) ....................................5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 554 (2007)...................................................................................................5

*Bell v. Taylor*,
827 F.3d 699 (7th Cir. 2016) ..................................................................................13

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ..................................................................................10

*Camasta v. J.A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) .............................................................................11, 12

*Cox Commc'ns, Inc. v. Sony Music Ent.*,
607 U.S. ___, 146 S. Ct. 959 (2026)......................................................................14

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)...................................................................................................6

*Elmore v. Henderson*,
227 F.3d 1009 (7th Cir. 2000) ..................................................................................9

*Hayden v. 2K Games, Inc.*,
375 F. Supp. 3d 823 (N.D. Ohio 2019).................................................................13

*Heard v. Jenkins*,
No. 1:21-CV-01374, 2022 WL 4482765 (N.D. Ill. Sept. 27, 2022).......................7

ii

*Heard v. Trax Recs., Inc.*,
No. 20-CV-03678, 2021 WL 3077668 (N.D. Ill. July 21, 2021)..............................................12

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
No. 24-889, 608 U.S. ___, 2026 WL 1593307 (June 4, 2026) ................................................14

*Hong Kong Leyuzhen Tech. Co. Ltd. v. Floerns*,
798 F. Supp. 3d 869 (N.D. Ill. 2025) ......................................................................................13

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)...................................................................................................................4

*J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*,
965 F.3d 571 (7th Cir. 2020) ....................................................................................................7

*Janecyk v. Eggland's Best, Inc.*,
No. 24-CV-06222, 2026 WL 562066 (N.D. Ill. Feb. 27, 2026) ........................................11, 12

*Kipp v. Ski Enter. Corp.*,
783 F.3d 695 (7th Cir. 2015) .....................................................................................................6

*Lawrence v. Trax Recs., Inc.*,
No. 22 C 5660, 2025 WL 919616 (N.D. Ill. Mar. 26, 2025) ...................................................13

*Lintzeris v. City of Chicago*,
276 F. Supp. 3d 845 (N.D. Ill. 2017) .........................................................................................5

*Matlin v. Spin Master Corp.*,
921 F.3d 701 (7th Cir. 2019) .....................................................................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)..................................................................................................................13

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)..................................................................................................................14

*Mold-A-Rama Inc. v. Collector-Concierge-Int'l*,
451 F. Supp. 3d 881 (N.D. Ill. 2020) ................................................................................4, 5, 6

*Nowlin v. Pritzker*,
34 F.4th 629 (7th Cir. 2022) ....................................................................................................14

*O.T. Pickell Builders, Inc. v. Witowski*,
No. 96 C 4233, 1998 WL 664949 (N.D. Ill. Sept. 16, 1998)...................................................12

*Recht v. Metro Goldwyn Mayer Studio, Inc.*,
580 F. Supp. 2d 775 (W.D. Wis. 2008) ...................................................................................11

*Santora v. Starwood Hotel & Resorts Worldwide, Inc.*,
580 F. Supp. 2d 694 (N.D. Ill. 2008) ...................................................................................4

*Sloan v. Anker Innovations Ltd.*,
711 F. Supp. 3d 946 (N.D. Ill. 2024) .................................................................................12

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
464 U.S. 417 (1984) ...........................................................................................................11

*Swanson v. Citibank, N.A.*,
614 F.3d 400 (7th Cir. 2010) ..............................................................................................11

*Tamburo v. Dworkin*,
601 F.3d 693 (7th Cir. 2010) .............................................................................................4, 7

*United Airlines, Inc. v. Zaman*,
152 F. Supp. 3d 1041 (N.D. Ill. 2015) .................................................................................4

*UWM Student Ass'n v. Lovell*,
888 F.3d 854 (7th Cir. 2018) .............................................................................................4, 5

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) ...............................................................................................13

*Walker v. Brookhart*,
No. 22-CV-01162-SPM, 2023 WL 6541572 (S.D. Ill. Oct. 6, 2023) ..................................9

*Wheeler v. Wexford Health Sources, Inc.*,
689 F.3d 680 (7th Cir. 2012) ...............................................................................................4

**Statutes**

735 ILCS 5/2-209(c) ...........................................................................................................4, 5

17 U.S.C. § 106 .....................................................................................................................10

17 U.S.C. § 501 .....................................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 9 ....................................................................................................................12

Fed. R. Civ. P. 12 ..........................................................................................................3, 4, 5, 8

Fed. R. Civ. P. 20 .............................................................................................................4, 8, 9

Fed. R. Civ. P. 21 ...............................................................................................................5, 9

Defendants UMG Recordings, Inc., and Virgin Music Group, a division of Isolation Networks, Inc. (collectively "UMG"[1]), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectfully move to dismiss Victor Paris Mitchell's ("Mitchell") Second Amended Complaint.

## I.      INTRODUCTION

This case has been pending for more than two years. Mitchell has already amended the complaint twice to address prior infirmities, and the operative pleading remains woefully deficient. Most tellingly, the complaint's allegations fail to connect UMG to any actionable conduct, much less a basis for jurisdiction arising from such conduct. Instead, the complaint relies on generalized conclusory allegations about the defendants as a group, leaving the basis for his claims against UMG an utter mystery. In fact, Mitchell's claims against UMG relate to an *entirely different* event (a different song) from those that form the core of his complaint against other defendants. As to the song purportedly involving UMG, Mitchell acknowledges that he has received correspondence and evidence indicating that no infringement occurred; he instead offers vague, implausible, conclusory allegations that some unidentified defendants fabricated that evidence.

---

[1] The complaint refers generally to "Universal Music Group," which is merely a colloquial name for "UMG Recordings, Inc.," the United States based corporate entity for all recorded music operations, which is incorporated in Delaware and maintains a principal place of business in California. The complaint also purports to merely name "Virgin Records" as a defendant, which UMG assumes is intended to refer to "Virgin Music Group," an unincorporated division of Isolation Networks, Inc., which is incorporated in California and also maintains its principal place of business there. Declaration of Carla M. Miller ("Miller Decl.") ¶¶ 3–4. Isolation Networks, Inc., and UMG Recordings, Inc., are separate legal entities that share a common ultimate parent, Netherlands-based Universal Music Group N.V. Miller Decl. ¶ 3. The Second Amended Complaint erroneously refers to "Virgin Records" and "Universal Music Group" as defendants, but those companies do not exist within UMG's corporate family. 2AC ¶¶ 21–22; Miller Decl. ¶ 3. The complaint does not distinguish between "Virgin Records" or "Universal Music Group" except in purportedly identifying them. This motion addresses them collectively as "UMG."

1

There are numerous reasons to dismiss Mitchell's claims as to UMG, including failure to establish personal jurisdiction, improper joinder, or failure to state a claim. The pleadings themselves, which have already been amended twice, amply show that no further amendment could cure these deficiencies.

For the reasons stated herein, the Court should dismiss Mitchell's claims against UMG without leave to amend.

## II.   BACKGROUND

### A.   Factual Allegations

Plaintiff Victor Mitchell's Second Amended Complaint alleges that Mitchell created the song "Love Will Find A Way," ("the Work") which was released in November 1988 by Dance Mania Records. Dkt. 47 ("Second Amended Complaint" or "2AC") ¶ 6. He registered copyrights in the underlying composition and sound recording for the Work some thirty-four years later in January 2023. *Id*. ¶ 1.

Mitchell claims that Job Smeltzer, a Dutch DJ, known professionally as "La Fuente," sampled the Work to create the song "I Want You," released in April 2022. *Id*. ¶ 37. Mitchell alleges that when he contacted Massimo Baudo, a representative of Revealed Music B.V. (the entity that distributed "I Want You"), Baudo denied that "I Want You" sampled the Work, but "manipulated" Mitchell into signing a clearance agreement to "clear" the musical composition underlying the Work. *Id*. ¶¶ 41–42, 46.

Mitchell further alleges that "[t]he Defendants" (without specifying which defendants) "made false claims and hired a company to mislead" him, supposedly recreating the Work to refute his sampling claims. *Id*. ¶¶ 43, 47. He does not explain what false statements were made, by whom, when, or how they were false.

2

Mitchell's complaint also includes allegations regarding a completely different song, "I Want You (Forever)," by Carl Cox, with subsequent remixes and releases. 2AC ¶¶ 28–36, 50–57. The complaint does not allege that UMG had any involvement in Carl Cox's song.

### B.      Pleadings

The Second Amended Complaint does not allege that UMG had any particular role in creating any accused infringing song. Rather, it alleges that UMG owns a stake in the record labels involved in infringing Mitchell's copyrighted works. *Id*. ¶ 40.

Mitchell filed this lawsuit in January 2024 against several defendants, but not UMG. Dkt. 1. Mitchell then sought and received leave to amend the complaint in September 2024. Dkts. 27, 29. Mitchell again sought and received leave to amend, and filed the Second Amended Complaint, which is the operative pleading on May 2, 2025. Dkt. 47. Both the first and second amended pleadings identify "Universal Music Group" and "Virgin Records" as defendants. Dkts. 29, 47.

Mitchell asserts claims for a declaratory judgment of the invalidity of defendants' registrations for the infringing works—fraud on the copyright office (Count I)—and willful copyright infringement (Count II) against UMG.[2] Dkt. 47 ¶¶ 50–57.

*      *      *

On May 14, 2026, this Court granted UMG's unopposed motion to extend time to respond to the Second Amended Complaint. Dkt. 126. This timely motion to dismiss under Rules 12(b)(2) and (6) followed.

---

[2] Mitchell's claim for contributory copyright infringement (Count III) is neither directed to UMG nor to "All Defendants." *See* 2AC ¶¶ 81–90. In any case, Mitchell has failed to state such a claim as to UMG. *See* section IV.C.3, *infra*.

3

### III.    LEGAL STANDARD

#### A.    Personal Jurisdiction (Rule 12(b)(2))

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) "tests whether a federal court has personal jurisdiction over a defendant." *United Airlines, Inc. v. Zaman,* 152 F. Supp. 3d 1041, 1045 (N.D. Ill. 2015). The plaintiff bears the burden of establishing that personal jurisdiction exists. *Id*. "A two-part inquiry must be made in determining if an Illinois court can exercise personal jurisdiction over a nonresident defendant: (1) whether Illinois' long-arm statute permits *in personam* jurisdiction and (2) whether the assertion of jurisdiction under the long-arm statute would be inconsistent with due process." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 697–98 (N.D. Ill. 2008). Illinois' "long-arm statute allows for the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 889 (N.D. Ill. 2020) (discussing 735 ILCS 5/2-209(c)). So the two prongs merge. *Tamburo v. Dworkin*, 601 F.3d 693, 700–01 (7th Cir. 2010). That requires that the defendant has "sufficient 'minimum contacts' with Illinois such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

#### B.    Improper Joinder (Rules 20, 21)

Under Federal Rule of Civil Procedure 20(a)(2), defendants may only be joined in the same action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). When considering joinder, "[a] district judge necessarily has considerable discretion." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). This discretion, however, is not unlimited, as "[u]nrelated claims against different defendants belong in different suits." *Id*. (citation omitted); *see also Wheeler v. Wexford*

4

*Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). If a court finds that joinder is not proper, it may sever parties or dismiss the improperly joined parties from the action. *See* Fed. R. Civ. P. 21; *see also UWM Student Ass'n*, 888 F.3d at 864.

### C. Failure to State a Claim (Rule 12(b)(6))

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed where it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are generally not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but need not accept legal conclusions or conclusory allegations." *Lintzeris v. City of Chicago*, 276 F. Supp. 3d 845, 847 (N.D. Ill. 2017).

### IV. ARGUMENT

### A. The Complaint Should be Dismissed for Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over UMG. To exercise personal jurisdiction, a plaintiff must plead facts that satisfy both Illinois's long-arm statute and the requirements of federal due process. *Mold-A-Rama Inc.*, 451 F. Supp. 3d at 889 (discussing 735 ILCS 5/2-209(c)); *see also Bank of Montreal v. McKenzie Methane Corp.*, No. 93 C 3610, 1993 WL 420985, at *5 (N.D. Ill. Oct. 18, 1993) ("In addition to the due process clause of the Fourteenth Amendment, the Plaintiff must allege sufficient facts to allow this Court to assert personal jurisdiction over the

5

Defendant pursuant to the Illinois Constitution's Due Process Clause."). Due process requires that a defendant have sufficient "minimum contacts" with the forum such that maintaining the suit does not offend traditional notions of fair play and substantial justice. *Id.* at 889. Those contacts must demonstrate that the defendant purposefully availed itself of the privilege of conducting activities in the forum. *Id.*

Personal jurisdiction takes two forms: general jurisdiction and specific jurisdiction. As set forth below, Plaintiff has not alleged facts sufficient to establish either form of jurisdiction over UMG.

### 1.       Mitchell Has Not Established General Jurisdiction Over UMG

While Mitchell gestures at general jurisdiction with a sweeping statement that all defendants are subject to personal jurisdiction because they "conduct business continuously and systematically in Illinois" through the manufacture, distribution and licensing of copyrighted works, he offers no factual allegations to support that conclusion as to UMG. 2AC ¶ 3. He could not. General jurisdiction is established where the defendant has contacts so "'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). In the case of corporate defendants, general jurisdiction typically only exists where a corporation is incorporated or has its principal place of business. *Kipp v. Ski Enter. Corp.*, 783 F.3d 695, 698 (7th Cir. 2015); *Daimler AG*, 571 U.S. at 139, n.20 (2014) ("A corporation that operates in many places can scarcely be deemed at home in all of them."). UMG is incorporated in the state of Delaware, with its principal place of business in Santa Monica, California. Miller Decl. ¶ 4. Likewise, Virgin Music Group is an unincorporated division of Isolation Networks, Inc., which incorporated in and has its principal place of business in California). Miller Decl. ¶¶ 3, 5. UMG is not "at home" in Illinois; accordingly, this Court cannot exercise general jurisdiction over UMG.

### 2. Mitchell Has Not Established Specific Jurisdiction Over UMG

Mitchell similarly generally alleges that the defendants collectively place infringing products "into the stream of commerce with the expectation that such products would be delivered to and viewed by consumers within the State of Illinois and within this District." 2AC ¶ 4. Again, he offers no factual allegations specific to UMG beyond a single sentence claim that "Virgin Records" "markets and promotes music throughout the world and Illinois[.]" *Id*. ¶ 21. Mitchell therefore fails to establish personal jurisdiction over UMG.

A court can exercise specific personal jurisdiction "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705–06 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)).

To establish personal jurisdiction on a "stream of commerce" theory, as Mitchell attempts here, a plaintiff must show not only that sales causing the injury occurred in the forum state but that the defendant "t[ook] steps to reach consumers" in that state. *J.S.T. Corp. v. Foxconn Interconnect Tech. Ltd.*, 965 F.3d 571, 576 (7th Cir. 2020). The mere allegation that an infringing song is available for purchase (or downloading or streaming) in a forum is insufficient to meet this standard, without allegations that the defendant "somehow targets" the forum market. *Am. Health Info. Mgmt. Ass'n v. Archetype Innovations, LLC*, No. 23 C 3363, 2024 WL 2801651, at *3 (N.D. Ill. May 31, 2024); *see also Heard v. Jenkins*, No. 1:21-CV-01374, 2022 WL 4482765, at *4 (N.D. Ill. Sept. 27, 2022) ("The fact that these services can be streamed in Illinois is insufficient by itself."); *Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 933 (N.D. Ill. 2016) (finding lack of personal jurisdiction

7

where plaintiffs "provided no facts to show that any of the defendants named in the complaint aimed any action at Illinois").

Here, Mitchell has not alleged that UMG has taken any actions in or directed at Illinois at all, much less any that can be connected to Mitchell's claims. Instead, he makes broad assertions of personal jurisdiction against all defendants that lack sufficient detail to establish jurisdiction, as this Court has previously held in dismissing claims against Sony Music Entertainment for this very error. 2AC ¶ 4; Dkt. 100 ("the Court grants Sony Music Entertainment's motion to dismiss for lack of personal jurisdiction."); *see also* Dkt. 76 (Sony's motion to dismiss). Mitchell has therefore failed to establish that this Court can exercise personal jurisdiction over UMG, and his claims should be dismissed under Rule 12(b)(2).

**B.      Mitchell's Claims Against UMG Should be Dismissed for Improper Joinder**

Mitchell's Second Amended Complaint improperly joins distinct and unrelated allegations of infringement against almost two dozen defendants into a single, muddled action. Rule 20 of Federal Civil Procedure permits joinder of defendants only where the asserted claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and present at least one common question of law or fact. That standard is not satisfied here.

The Second Amended Complaint alleges two independent sets of alleged infringement separated by decades, involving different works, different artists, different record labels/music publishers, and different facts. First, Mitchell alleges that certain defendants knowingly sampled the Work in the creation of the Carl Cox song "I Want You (Forever)," with events dating back to 1991, with subsequent remixes and releases. 2AC ¶¶ 28–36, 50–57. But Mitchell does not allege UMG had anything to do with any iteration of "I Want You (Forever)." UMG's alleged role in this case purportedly arises from a distinct work, "I Want You," released decades later in 2022. 2AC

8

¶ 37–49. Though Mitchell alleges "I Want You" sampled the sound recording of the Work that is where the commonality ends.

Allegations that two unrelated works infringe the same copyrights, however, do not constitute a single transaction or series of transactions for purposes of joinder. *Cf. Art Ask Agency v. Individuals, Corps., Ltd. Liab. Co., P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-CV-06197, 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) ("Courts in the Northern District of Illinois have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark.").

The purpose of joinder is to promote economy in litigation, not limit a defendant's ability to defend itself against Plaintiff's claims. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Allowing Mitchell's distinct claims to proceed in a single action would undermine judicial economy, and instead force unrelated defendants to litigate together based solely on generalized and conclusory allegations. *Walker v. Brookhart*, No. 22-CV-01162-SPM, 2023 WL 6541572, at *2 (S.D. Ill. Oct. 6, 2023) (striking complaint for improper joinder as "defendants would likely be prejudiced if all of the claims are allowed to proceed together."). All the other defendants named for their alleged involvement in La Fuente's "I Want You" have been dismissed from the case, further underscoring that UMG has been improperly joined and its inclusion in this litigation would be wasteful and inefficient. Dkt. 109. As Mitchell's claims arise from separate and unrelated alleged acts of infringement, joinder is improper. The Court should therefore dismiss UMG from this action as an improperly joined party. Fed. R. Civ. P. 21.

### C. The Second Amended Complaint Fails to State a Claim against UMG

Mitchell's Second Amended Complaint asserts three claims but fails to state a viable claim against UMG. Count I is for declaratory judgment of invalidity of "various Copyright Registrations for works that infringed" on Mitchell's copyrights. 2AC ¶¶ 58–67. Count II is for direct copyright

infringement. 2AC ¶¶ 68–80. Count III is for contributory copyright infringement. 2AC ¶¶ 81–90. The complaint does not reference UMG at all in the allegations laying out the bases for each count but rather refers generally to "Defendants" or to other named defendants. 2AC ¶¶ 58–90.

The core substance of Mitchell's allegations against UMG appears directed towards direct copyright infringement (Count II). *See* 2AC ¶¶ 37–45. In short, Mitchell claims that La Fuente's "I Want You" included an unlicensed sample from the sound recording for the Work 2AC ¶ 39. While Mitchell acknowledges that he had correspondence with a representative of a record label (Revealed Music B.V.) who explained that no sampling of the recording had occurred, Mitchell contends that some collection of unspecified Defendants fabricated evidence to prove that no sampling had occurred. 2AC ¶¶ 41–43. According to the complaint:

> The existing technology of audio DNA recognition, ACR Cloud, or Music Recognition Technology (MRT) detected that the sample of "Love Will Find A Way" exists on La Fuente's version, "I Want You." It was not a recreation, but as a direct sample from Plaintiff's sound recording. The same applies to Carl Cox's plagiaristic 1991 release of "I Want You (Forever)". MRT has proven to be 0.00001% or 1 error in every 100,000 scans or 99.99999% accuracy.

2AC ¶ 44.

As discussed below, the factual allegations do not support a claim against UMG for *any* of Mitchell's claims, beginning with Count II. (To the extent Mitchell intends other factual allegations to be attributed to UMG, the complaint "does not adequately connect" UMG to specific acts giving rise to the claims. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).)

### 1. The Second Amended Complaint Fails to State a Claim for Direct Copyright Infringement (Count II)

Mitchell's complaint has not alleged that UMG has committed an act of infringement, so Count II must be dismissed as to UMG. To state a claim for copyright infringement, a plaintiff must show that the defendant violated one of the exclusive rights of a copyright holder. 17 U.S.C.

10

§ 106; 17 U.S.C. § 501(a); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 447 (1984). Mitchell alleges that UMG "licensed" some composition to some other entities but does not explain what the composition was. 2AC ¶ 40. Even so, licensing is not an exclusive right of a copyright holder.; *Recht v. Metro Goldwyn Mayer Studio, Inc.*, 580 F. Supp. 2d 775, 784 (W.D. Wis. 2008).

Nor would "false claims" made "to mislead" Mitchell that "I Want You" contains a re-record of the composition embodied in the Work, rather than a sample of the sound recording, state a claim. For one, the allegations fall woefully short of the specificity required to state a claim sounding in fraud, which requires alleging the "who, what, when, where, and how" of the alleged fraudulent scheme. *Janecyk v. Eggland's Best, Inc.*, No. 24-CV-06222, 2026 WL 562066, at *4 (N.D. Ill. Feb. 27, 2026) (quoting *Camasta v. J.A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014)). Even so, making such claims, whether or not truthful, is again not one of the exclusive rights of a copyright holder.

Moreover, Mitchell's threadbare allegation that some unspecified "existing technology" confirmed that *I Want You* sampled the Work, rather than independently recreating it, is insufficient. 2AC ¶ 44. Paragraph 44 does not identify which "audio DNA" technology was used, who conducted the analysis, when it was performed, what recordings were compared, what methodology or parameters governed the comparison, or what the analysis actually found. Instead, Mitchell simply asserts—at a high level of generality—that unnamed technology supposedly detected a sample and was highly accurate. Such an allegation is nothing more than a conclusory assertion of infringement masquerading as a factual claim. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). Because it supplies no factual content that would

11

allow the Court to assess plausibility, it is not entitled to a presumption of truth on a motion to dismiss.

For each of these reasons, Mitchell has therefore failed to state a claim against UMG for direct copyright infringement.

### 2. The Second Amended Complaint Fails to State a Claim for Declaratory Judgment of Copyright Invalidity (Count I)

Count I seeks declaratory judgment of invalidity for the "copyright registrations Defendants obtained through fraud on the Copyright Office." 2AC ¶ 67. As a threshold matter, the Second Amended Complaint fails to identify which UMG registration or registrations were allegedly procured by fraud. Beyond that fatal flaw, Mitchell must allege that UMG knowingly failed to disclose information in a copyright application with intent to defraud the Copyright Office and that the Copyright Office would likely have denied registration had it been aware of the undisclosed information. *Heard v. Trax Recs., Inc.*, No. 20-CV-03678, 2021 WL 3077668, at *3 (N.D. Ill. July 21, 2021); *O.T. Pickell Builders, Inc. v. Witowski*, No. 96 C 4233, 1998 WL 664949, at *5–*6 (N.D. Ill. Sept. 16, 1998). Such allegations must be pled with particularity under the heightened pleading standard for claims sounding in fraud under Rule 9(b). *Heard*, 2021 WL 3077668, at *3; *O.T. Pickell*, 1998 WL 664949, at *5–*6. Count I should be dismissed because Mitchell has not met that standard.

Rule 9(b) requires more than merely describing the basic parameters of the accused conduct, including alleging the "who, what, when, where, and how" of the alleged fraudulent scheme. *Janecyk*, 2026 WL 562066, at *4 (quoting *Camasta*, 761 F.3d at 737). In cases involving multiple defendants, as here, it is particularly important to "inform each defendant of the nature of [its accused] participation in the fraud." *Sloan v. Anker Innovations Ltd.*, 711 F. Supp. 3d 946, 956

12

(N.D. Ill. 2024) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)).

The Second Amended Complaint fails to meet this threshold. The complaint does not identify any specific registration purportedly procured by fraud, much less particularized statements of UMG's role in that procurement. These vague allegations cannot sustain a claim. *Lawrence v. Trax Recs., Inc.*, No. 22 C 5660, 2025 WL 919616, at *6 (N.D. Ill. Mar. 26, 2025) (dismissing claim for fraud on Copyright Office that "fail[ed] to specify which defendants allegedly engaged in fraudulent registrations, which copyrights were fraudulently registered, and how the registrations were fraudulent").

The complaint also fails to allege that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to permit the exercise of declaratory judgment jurisdiction on Count I. *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *Hong Kong Leyuzhen Tech. Co. Ltd. v. Floerns*, 798 F. Supp. 3d 869, 877 (N.D. Ill. 2025). Absent such a case or controversy, Mitchell's complaint seeks nothing more than an advisory opinion. Where, as here, the only dispute is whether UMG has infringed Mitchell's copyright, there is no definite or concrete dispute relating to the registration of *UMG's* copyrights (even if they had been identified with particularity), so there is no basis for exercising declaratory judgment jurisdiction to adjudicate ownership of it. *See Hayden v. 2K Games, Inc.*, 375 F. Supp. 3d 823 (N.D. Ohio 2019). Count I should therefore be dismissed.

### 3. The Second Amended Complaint Fails to State a Claim for Contributory Infringement (Count III)

Mitchell's claim for contributory infringement (Count III) fails too. The only allegation relating to UMG in particular simply states in the most conclusory fashion that UMG "induced,

caused, participated in, aided and abetted and/or materially contributed to the infringing conduct[.]" 2AC ¶ 84. There is *no* allegation purporting to explain what specific conduct UMG undertook that meets that characterization. (The Supreme Court has further recently clarified that a claim for contributory infringement requires allegations the defendant took "active steps … to encourage direct infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 607 U.S. ___, 146 S. Ct. 959, 970 (2026); *see also Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, No. 24-889, 608 U.S. ___, 2026 WL 1593307, at *7 (June 4, 2026) (discussing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)). But the only conduct UMG is alleged to have undertaken is granting some unspecified license to unnamed third parties. *See* 2AC ¶ 44. Accordingly, Mitchell has failed to plead facts sufficient to state a claim for contributory infringement against UMG; that count should therefore be dismissed.

### D. Dismissal Should be Without Leave to Amend

Mitchell should not be given a *third* chance to amend his complaint. Mitchell has already imposed considerable burden on the Court and the parties with woefully inadequate pleadings and procedural irregularities. Moreover, amendment would be futile. *See Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022). Mitchell's theory of infringement concerning UMG stems from a completely separate nucleus of facts from that against Carl Cox and others—it cannot properly be joined.[3]

---

[3] Moreover, despite Mitchell's vague and conclusory allegations to the contrary, should this Court deny instant motion and allow discovery to proceed against UMG (which, respectfully, the Court should not for all the reasons herein), the evidence will show that Revealed Music provided Mitchell with an overwhelming evidence—including the raw audio itself—demonstrating that "I Want You" involved a re-recording of Mitchell's composition, not a sample of the sound recording of the Work.

14

All of Mitchell's claims against UMG should therefore be dismissed without leave to amend.

## V.    CONCLUSION

For the foregoing reasons, UMG respectfully requests that the Court dismiss all claims against UMG, without leave to amend.


Dated: June 26, 2026

Respectfully submitted,

*/s/ Michael Allan*
Michael Allan (*pro hac vice*)
John William ("Bill") Toth (*pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3900
mallan@steptoe.com
btoth@steptoe.com

*Counsel for UMG Recordings, Inc., and*
*Virgin Music Group, a division of Isolation*
*Networks, Inc.*

15

## CERTIFICATE OF SERVICE

I, Michael Allan, an attorney, hereby certify that on June 26, 2026, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED: June 26, 2026

*/s/ Michael Allan*

Michael Allan